[Crim. No. 2028. In Bank.—November 16, 1916.]

In the Matter of the Petition of JOHN BALLESTRA, on Habeas Corpus.

CRIMINAL LAW—PAYMENT OF WAGES BY NON-NEGOTIABLE ORDER—CONSTITUTIONAL LAW.—The act of March 1, 1911, as amended on July 5, 1915, (Stats. 1915, p. 1215), prohibiting the issuance, in payment of or as an evidence of indebtedness for wages due an employee, any order, check, memorandum, or other acknowledgment of indebtedness, unless the same is negotiable and is payable upon demand without discount in cash at some bank or other established place of business in the state, and further prohibiting the issuance in payment of wages any scrip, coupons, cards, or other thing redeemable in merchandise or purporting to be payable or redeemable otherwise than in money, is valid and constitutional, as applied to ordinary transactions between employers and employees of the kind embraced within its terms.

ID.—REGULATIONS RESTRICTING RIGHT TO CONTRACT.—The right to make contracts, like other personal and property rights, is subject to reasonable regulation designed and calculated to promote the general convenience, prosperity, and welfare. Laws having a reasonable tendency to accomplish these results, and not imposing unreasonable burdens upon individuals, are valid.

ID.—AFFIDAVIT FOR ARREST—STATEMENT OF OFFENSE.—An affidavit charging that the accused, at a certain time and place, "did willfully and unlawfully issue in payment of and as evidence of indebtedness for wages due" a certain employee, a certain note set forth in the affidavit, for the amount of the wages due him, payable two years after date and not on demand, no part of which has been paid, states an offense under the statute.

ID.—HABEAS CORPUS—FACTS DEHORS AFFIDAVIT CANNOT BE CONSIDERED.—In proceeding in *habeas corpus* seeking the discharge before

CLXXIII Cal.—42

trial, of the person accused and arrested under such affidavit, the court may consider only the facts stated in the affidavit, and may not consider other facts which may exist, and which may take the case out of the legitimate operation of the statute.

APPLICATION for a Writ of Habeas Corpus.

The facts are stated in the opinion of the court.

W. F. Cowan, for Petitioner.

Clarence F. Lea, and G. W. Hoyle, for Respondent.

SHAW, J.—The petitioner is in custody upon the charge of having violated the provisions of the act of June 5, 1915, in effect August 8, 1915, amending the prior act of March 1, 1911. (Stats. 1915, p. 1215.)

Section 1 of the statute is, in part, as follows:

"No person, firm or corporation shall issue, in payment of or as an evidence of indebtedness for wages due an employee, any order, check, memorandum, or other acknowledgment of indebtedness, unless the same is negotiable, and is payable upon demand without discount in cash at some bank or other established place of business in the state; and no person, firm or corporation shall issue in payment of wages due, or wages to become due an employee, or as an advance on wages to be earned by an employee, any scrip, coupons, cards or other thing redeemable in merchandise or purporting to be payable or redeemable otherwise than in money."

Section 2 makes a violation of the act a misdemeanor, punishable by fine or imprisonment, or both.

In considering this statute we may presume, in support of the legislative enactment, that some employers in this state had adopted and followed the custom of paying the daily, weekly, or monthly wages of their employees, when due, by giving orders for the amount thereof payable only in goods, or orders of an indefinite nature not payable on demand, but at some future time. The purpose of the statute evidently is to prevent the evils which the legislature believed had arisen from such practices.

The right to make contracts, like other personal and property rights, is subject to reasonable regulation designed and calculated to promote the general convenience, prosperity,

and welfare. (*Mutual Loan Co.* v. *Martell*, 222 U. S. 225, 232, [Ann. Cas. 1913B, 529, 56 L. Ed. 175, 32 Sup. Ct. Rep. 74].) Laws having a reasonable tendency to accomplish these results, and not imposing unreasonable burdens upon individuals, are valid. The provisions of the statute in question do not transgress this rule. As applied to ordinary transactions between employers and employees, of the kind embraced within its terms, the statute is, in our opinion, valid and constitutional.

The affidavit on which Ballestra is held in custody charged, in the language of the statute, that on October 30, 1915, in Sonoma County, California, Ballestra "did willfully and unlawfully issue in payment of and as evidence of indebtedness for wages due an employee, to wit, Pasquale Barberies," a certain note set forth in the affidavit, for the amount of wages due Barberies, payable two years after date and not on demand, no part of which has been paid. This clearly states an offense embraced in the description given in the statute.

It is claimed in the brief of the petitioner that the note in question was not given for current weekly or monthly wages in the ordinary course of business, but that in fact the employee had worked for many months for Ballestra, allowing his wages to accumulate without payment, or to accrue in excess of partial payments, until the amount due was many times the monthly wages agreed on, that Ballestra was unable presently to pay this sum, and that the note was executed in pursuance of an agreement between them to give him further time for payment, or in consideration that Mary Ballestra, who also signed the note, should execute it as surety. The terms of the note lend color to this suggestion. We are not prepared to say that the statute in question was intended to, or that it does, apply to such a transaction, or that, if it did, it would be a reasonable regulation of the right of private contract secured by the constitution, and within the legislative power. We have not the facts before us. The petitioner has not been put upon his trial and no evidence has been taken. He seeks release solely upon the facts stated in the affidavit upon which the warrant of arrest was issued, and we cannot consider other facts which may exist and which may take the case out of the legitimate operation of the statute, or which raise the constitutional question suggested. We express no opinion concerning the proper

solution of such a case.    The petitioner must go to trial upon the charge made against him.

The petitioner is remanded to the custody of the officer.

Sloss, J., Henshaw, J., Melvin, J., Lawlor, J., and Angellotti, C. J., concurred.