[Crim. No. 1285. Second Appellate District, Division One.—February 1, 1926.]

## In the Matter of GEORGE H. OSWALD for a Writ of Habeas Corpus.

[1] CONSTITUTIONAL LAW—IMPRISONMENT FOR DEBT—CRIMINAL LAW.—Section 15 of article I of the constitution does not in terms apply to criminal actions, but only provides against imprisonment for debt in civil actions.

[2] ID.—IMPRISONMENT—POWER OF LEGISLATURE.—The constitutional guaranties against imprisonment for debt have no application to imprisonment for crime, and legislative bodies are free to provide for punishment by imprisonment of offenders who commit acts denominated by such legislative bodies as offenses against the public, provided other constitutional limitations are not violated.

[3] ID.—EMPLOYER AND EMPLOYEE—LEGISLATIVE REGULATION.—Under section 17½ of article XX of the constitution, the relations between employer and employee are proper subjects for legislative regulation.

[4] ID.—VIOLATION OF WAGE LAW — PUNISHMENT — STATUTORY CONSTRUCTION.—Section 6 of the act of May 6, 1919 (Stats. 1919, p. 294), which provides that it shall be a misdemeanor for any person, after having become indebted to a laborer for wages, and having the ability to pay, to refuse to pay the wages due when demanded, or falsely deny the amount or validity thereof, or that same is due, with the intent to secure for himself a discount upon such indebtedness, or with intent to annoy, harass, oppress, or hinder, or delay, or defraud, the person to whom such indebtedness is due, and providing a penalty for such violation, is constitutional.

(1) 12 C. J., p. 939, n. 11.   (2) 12 C. J., p. 940, n. 31.   (3) 39 C. J., p. 55, n. 77, 78, p. 56, n. 79.   (4) 39 C. J., p. 240, n. 55 New.

PROCEEDING in Habeas Corpus to secure the release of petitioner from custody for violating wage law. Petitioner remanded.

The facts are stated in the opinion of the court.

George L. Greer for Petitioner.

J. M. Friedlander, City Prosecutor, for Respondent.

3.  See 15 Cal. Jur. 566.

CONREY, P. J.—The petitioner is in custody pursuant to a judgment of conviction of a misdemeanor in that, after having become indebted to a laborer for wages amounting to three hundred dollars, then due and payable, the petitioner, although having the ability to pay, did wilfully and unlawfully refuse, neglect, and omit to pay the same, and did then and there wilfully and unlawfully and falsely deny the amount and validity of said indebtedness, with the intent to secure a discount for himself, and with the intent to annoy, harass, oppress, hinder, delay, and defraud his employee of said sum and indebtedness.

The offense charged was an act in violation of the provisions of section 6 of an act to regulate the payment of wages, etc., approved May 6, 1919 (Stats. 1919, p. 294; Deering's Gen. Laws, 1923 ed., Act 4743).

The sole point relied upon by petitioner is stated in his contention that the statute is unconstitutional, in that it provides for imprisonment for debt, contrary to the provisions of article I, section 15, of the constitution of California, which reads as follows: "No person shall be imprisoned for debt in any civil action, on mesne or final process, unless in cases of fraud, nor in civil actions for torts, except in cases of wilful injury to person or property; and no person shall be imprisoned for a militia fine in time of peace."

Prior to said act of 1919 the legislature had adopted "an act providing for the time of payment of wages," which purported to make it a misdemeanor for an employer to violate the provisions of section 1 of the act, which section provided that the earned and unpaid wages of an employee when discharged should become due and payable immediately, and also provided that when an employee, not having a contract for a definite period, quit or resigned his employment, his wages earned and unpaid should become due and payable five days thereafter. (Stats. 1911, pp. 1268, 1269.) In the case of *In re Crane*, 26 Cal. App. 22 [145 Pac. 733], it was held that the act was unconstitutional, in that it in effect permitted imprisonment on mesne process for debt. The court declared that under the constitutional provision, which we have quoted, imprisonment for debt is prohibited in this state except in cases "where it is made to appear that the indebtedness was fraudulently contracted,

or that there has been an attempted fraudulent disposition of the property of the debtor with the intent to delay or defeat the payment of the debt.''

The statute of 1919 apparently is the result of a legislative effort to substitute for the act of 1911 a law which would not result in imprisonment for mere nonpayment of debt, but would only impose that penalty where the employer or his agent, having the ability to pay, wilfully refuses payment with a certain wrongful intent described as follows: ''With intent to secure for himself, his employer or other person, any discount upon such indebtedness or with intent to annoy, harrass, or oppress, or hinder, or delay, or defraud, the person to whom such indebtedness is due, . . . ''

[1] In the first place, it should be noticed that section 15 of article I of the constitution, above quoted, does not in terms apply to criminal actions, but only provides against imprisonment for debt in civil actions. The decision in the case of *In re Crane, supra,* is based upon the assumption that the act there under review was an attempt to accomplish the prohibited purpose under the guise of punishment as for misdemeanor, but that in reality it was a method of enforcing, by imprisonment, the payment of debts. Without entering into a discussion of that decision it will suffice to compare it with the case *In re Nowak,* 184 Cal. 701 [195 Pac. 402]. That case related to an ordinance of the city of Los Angeles, for the violation of which the petitioner was charged with the crime of misdemeanor. For the commission of this offense the petitioner was imprisoned. The court said: ''This imprisonment does not violate his constitutional right not to be arrested for debt. Imprisonment for debt, as such imprisonment is defined in our constitutional guaranties, is necessarily imprisonment in a civil action for debt. As such imprisonment existed in the English common law, it was a provisional remedy, strictly analogous to the present-day remedy of attachment of goods. It is against such attachments that the constitutional guaranties against imprisonment for debt are directed. They have no application whatever to imprisonment for crime, and legislative bodies are free to provide for punishment by imprisonment of offenders who commit acts denominated by the said legislative bodies as offenses against the public,

provided, of course, that other constitutional limitations are not violated." [2] Conceding that the foregoing statement by the supreme court was *obiter dictum* (as petitioner herein contends that it was), yet we believe that it is a correct statement of the law. We further concede that at a date later than that of the Nowak decision the provisions of article I, section 15, of the constitution were again applied by a district court of appeal in like manner as was done in the Crane case, and that in the later case the supreme court denied a petition for rehearing. (*People* v. *Holder*, 53 Cal. App. 45 [199 Pac. 832].)

Are any other constitutional limitations violated by the provisions of the statute under which the petitioner has been convicted? So far as we know there is no direct decision upon the validity of this statute. There is a decision from which, by reasoning from analogy, an inference may be drawn. We refer to *In re Ballestra*, 173 Cal. 657 [161 Pac. 120]. Petitioner there was in custody upon a charge of having violated the provisions of a statute which prohibited employers from issuing to their employees certain kinds of evidence of indebtedness in lieu of money. Sustaining the validity of the statute the court said that the right to make contracts, like other personal and property rights, is subject to reasonable regulation designed and calculated to promote the general convenience, prosperity, and welfare. "Laws having a reasonable tendency to accomplish these results, and not imposing unreasonable burdens upon individuals, are valid. The provisions of the statute in question do not transgress this rule. As applied to ordinary transactions between employers and employees, of the kind embraced within its terms, the statute is, in our opinion, valid and constitutional."

[3] In addition to what was said in the Ballestra case it will be appropriate to observe that the people of California have directly recognized that the relations between employer and employee are a proper subject for legislative regulation. Section 17½ of article XX of the state constitution (section adopted November 3, 1914) reads in part as follows: "The legislature may, by appropriate legislation, provide for the establishment of a minimum wage for women and minors and may provide for the comfort, health, safety and general welfare of any and all employees."

**[4]** It is reasonable to presume, in support of the legislative enactment now questioned in this case, that some employers in this state in times past have wilfully refused to pay the wages due and payable to their employees, although they were able to pay, and have so refused with intent to secure some discount upon the indebtedness, or with intent to annoy, harass, oppress, hinder, delay, or defraud the employees to whom such indebtedness was due. As the supreme court said in the Ballestra case, referring to the subject matter of the statute there under review, "the purpose of the statute evidently is to prevent the evils which the legislature believed had arisen from such practices." So here, considering the condition which presumably the legislature had found to exist, and considering the terms of the statute which it enacted, we cannot say that imprisonment for the misdemeanor described in this statute is imprisonment merely for failure to pay a debt. It is imprisonment for the wilful failure to pay the debt under circumstances which show an intent to oppress or otherwise defraud the employee. We are persuaded that the public has an interest in the prevention of wrongs of this character, just as much as it is interested in the prevention of some other of those wrongs against property or wrongs against persons which are commonly regarded as being properly within the scope of operation of criminal law.

The petitioner is remanded to custody.

Houser, J., and York, J., concurred.