## Elkhorn Piney Coal Company v. Elvove.

## Elkhorn Piney Coal Mining Company v. Same.

(Decided January 20, 1931.)

B. F. COMBS and COMBS & COMBS for appellants.

JAMES & HOBSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE LOGAN— Affirming.

There were two suits instituted against the appellant by appellee in the Floyd circuit court relating to the same subject-matter and involving the same character of transactions. The cases have been consolidated, and the court will dispose of both cases in this one opinion without any attempt to consider the two cases separately.

Appellant is a coal mining company engaged in business at Weeksbury in Floyd county. Appellee is a general merchant near by. The coal company, for the benefit of its employees, or itself, engaged in the practice of issuing metal scrip to the employees in advance of pay days. This scrip was intended for use by the employees, and had back of it as a redemption fund the amount which the coal company was indebted to the particular employee receiving the scrip.

Appellee purchased from the employees of appellant scrip amounting to $2,000 and demanded payment of appellant on regular pay-days, but payment was refused. He filed suit seeking to recover the amount, and a trial resulted in a verdict in his favor for the sum of $1,823.85. That is one of the judgments appealed from.

Appellant issued a different scrip to its employees than that mentioned above which it calls, in its brief, a nontransferable paper scrip, and another kind of metal scrip which recited that it was payable in merchandise only. Appellee acquired $3,000 in amount of the latter kind of metal scrip, and the paper scrip. When this scrip was presented to appellant, payment was refused

and suit was instituted to recover judgment and judgment was obtained in favor of appellant in the sum of $2,961.35.

Appellant has briefed the cases elaborately, but counsel reduces the main grounds urged for reversal to five: (1) That appellee failed to comply with section 4758b-1, Ky. Stat., known as the scrip law, in the manner of keeping his records and accounts and the presentation thereof to appellant for payment. (2) That the court failed to submit to the jury for determination the question of whether appellee presented an itemized statement covering the $3,000 of scrip to appellant when he demanded payment. (3) That the scrip was made nonassignable on its face, and for that reason the title could not be assigned by the employees to appellee. (4) That the scrip was payable in merchandise only, and when appellee presented it to the company he had no right to demand cash, and the company had the right to pay in merchandise. (5) That appellee could not recover on such scrip, as he had failed to list it for taxation as of July 1, 1928, or July 1, 1929.

The first ground set out above is argued more elaborately than the others, and it is insisted that appellee failed to comply with the scrip law in at least six particulars. One is that the scrip statements kept by appellant were insufficiently dated. They have been brought up and are before the court. It is argued that the date is not given in any instance showing the time when the scrip was purchased. Appellant is wholly mistaken. The day of the month and the month itself is indicated by first writing in figures the number of the month indicating the corresponding number in the series of months going to make up the year, treating January as one and December as twelve. At the right is another number indicating the day of the particular month and the two are separated by an oblique line. One used as an illustration, and which appellant's counsel say is not a date, is thus written "12/16." At the head of the statement are the figures "1927." Reducing the argument of appellant on this point to its lowest terms, it is that a series of figures, to wit, "12/16, 1927," do not indicate, or express, a date. It is the argument that the figure "12" would not indicate to any one that it meant December, nor that the figure "16" would indicate that it meant the 16th day of December, nor that 1927 meant in the

year of our Lord. If there were the slightest probability that appellant did not understand what was meant by these figures, there might be a slight reason for the argument advanced; but as there is no doubt that appellant fully understood what the figures meant, there is no merit in the contention. It is well known that in the business world these signs and figures are used to indicate dates, and the custom is so well known that no one could be deceived thereby. The contention made by counsel for appellant is supertechnical and without merit. The law requires the statement kept by the purchaser of such scrip to show the date of the purchase. The statement as kept, with few exceptions, was a compliance with the law in this respect.

It is urged that some of the statements had neither the dates nor the names of employees. The law requires the name of the employee to be given. Some of the surnames only were used. That was sufficient unless appellent should have shown that it had other employees of the same name and that it had no way to determine which employee was meant by the name given on the statement. There was some controversy on the trial as to whether the names so written were sufficient, and there were withdrawn from the account items containing incomplete names or dates aggregating $176.15. Appellant contends that the amount of the items deficiently entered on the statement amounted to $233.45, and that his sum should have been deducted from the $2,000 instead of $176.15. It is the contention of appellant that in the $2,000 suit there should have been additional credits or deductions amounting to $57.30. The particular items are not pointed out. There is a long list of names, dates, and amounts, and we do not believe that counsel for appellant expected the court to search through the record in an effort to ascertain the separate items that they insist should be grouped into an amount of $57.30. We are content to leave the amount where appellant has left it. It is insisted by counsel for appellant that the aggregate of items deficiently stated in the $3,000 suit was $214.86, and that of this sum appellee conceded that $38.65 was deficient in name or date and withdrew items aggregating that sum. It is urged by the appellant that other items aggregating $176.21 should have been stricken out, but these items are not pointed out, and we are unable to say that appellant was entitled to any greater deduction.

Another ground urged against the statements as kept by appellee is that they do not state the amount paid for the scrip in goods or in cash or other thing of value. The statements show the amount of the scrip purchased and, nothing else appearing, the presumption is that the amount stated in the right-hand column on the statements is the amount paid for the scrip. It was not necessary that the statement show whether the scrip was paid for in money, goods, or other thing of value, but only necessary to show the amount paid, and the amount could be paid in cash, goods, or other thing of value.

Another ground urged is that the statements do not show who issued the scrip, but we cannot agree with that contention. There is written on some of the accounts, or on the book in which the accounts were kept, the name of the appellant. While on other books in which the account was kept the initials "E. P. C. M." were written. It was only necessary that some memoranda be placed on the statements showing who issued the scrip. This is for the purpose of identification, and the statements were sufficient to identify appellant as the one who issued the scrip.

Another ground urged against the statement is that it must disclose to the employer the names of employees from whom scrip was first purchased, and that the statement is not sufficient unless it contains sufficient data to show the name of the employee into whose hands the scrip first came. It is the contention that if the scrip passed into the hands of an employee and from him into the hands of another, and from the hands of such other to appellee, the statement should contain the name of the employee as well as the name of the third person from whom he obtained the scrip. This question was answered adversely to the contention of appellant in the cast of Western Kentucky Coal Co. v. Nall & Bailey, 228 Ky. 76, 14 S. W. (2d) 400. The correctness of that opinion is attacked, but after due consideration the court has concluded that the opinion is sound.

Another ground urged for the reversal of the judgments is that the trial court should have submitted to the jury the question whether an itemized statement covering the $3,000 was presented to appellant. It is made to appear that appellee carried to the office of appellant the $3,000 in scrip and there presented it. But before he presented his affidavit and statement he was advised by the

person in charge of the office that he could not pay it under the instructions of appellant. After he was advised that the demand for payment would be rejected and would not be considered, it would have been a useless thing for him to actually present the affidavit to appellant. He had kept the statement as required by law and was ready to present the statement duly verified to appellant, but was advised that payment would not be made. The court did not err in failing to submit this question to the jury.

It is next contended that the scrip was not transferable, and that if the statute is so construed as to render it transferable it is unconstitutional. Counsel make this contention overlooking the important fact that the scrip law itself makes it transferable and it must be read into every item of scrip which is issued. The contention, therefore, cannot be upheld.

Another contention is that the scrip was payable in merchandise, and that appellant could not be compelled to pay in cash. This contention overlooks the provisions of the scrip law. It is a complete answer to that contention. The very purpose of the enactment of the law was to enable the holder of the scrip to obtain in cash, in the manner therein provided, the amount which he had paid for the scrip. If the question had been raised and sustained by the evidence that appellee did not pay full value for the scrip, another question might be presented.

The last contention is that appellee was the owner of some part of this scrip on July 1, 1928, and another part on July 1, 1929, and that he did not assess it for taxation, and that by reason of his failure to do so he may not recover, as section 4019a-13, Ky. Stats., is a bar to his right of recovery. That section relates only to notes or bonds. The scrip issued was neither a note nor a bond. It is true that no precise form of words is necessary to constitute a promissory note, but this scrip cannot be treated as anything more than an item indicating that appellant was indebted to the employee in a sum represented by the scrip.

Perceiving no error in the record prejudicial to the substantial rights of appellant, the judgment is affirmed.

Judgment affirmed.