## Hoskins Grocery Co. v. Creech Coal Co.

(Decided Jan. 20, 1933.)

POPE & BAKER and J. D. POPE for appellant.

B. M. LEE for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Nancy Ellen Hoskins, doing business under the firm name and style of Hoskins Grocery Company,

brought this action against the Creech Coal Company to recover $1,105, the amount of scrip, or miner's orders, issued by the coal company to its employees which she had taken in at her store in payment for merchandise. She alleged in her petition that the defendant was engaged in the business of mining coal and employed more than 20 laborers; that from time to time it had issued to its laborers, as evidences of its indebtedness to them, scrip, or metal disks, ranging in value from 5 cents to $1, and that many of its laborers had sold, transferred, and delivered these metal disks to other individuals, firms, or persons, who in turn had sold, transferred, and delivered them to plaintiff in exchange for merchandise. She further alleged that she had paid for this scrip at its face value in merchandise and had purchased none of it from employees of the defendant; that on one of defendant's regular pay days she had presented to it scrip in the amount of $1,105 accompanied by a statement setting out the names of persons from whom she purchased the scrip, the dates when purchased, and amounts paid therefor in merchandise, together with the affidavit required by section 4758b-1 of the Kentucky Statutes.

The defendant filed an answer in two paragraphs. The first paragraph was a traverse, and in the second paragraph it alleged that under an agreement between it and its employees, the metal disks issued by it were redeemable only in merchandise, and that section 4758b-1 of the Kentucky Statutes violated the constitutional provision prohibiting the enactment of a law impairing the obligation of contracts.

A demurrer to paragraph 2 of the answer was sustained, and on the trial the court instructed the jury that if it believed from the evidence that plaintiff presented to the defendant the affidavit and statement referred to in her evidence it should find for the plaintiff, and if it did not so believe it should find for the defendant. The jury returned a verdict for the defendant, and the plaintiff has appealed.

It is plaintiff's contention that she was entitled to a peremptory instruction. The evidence shows without contradiction that all of the scrip was purchased from persons who were not employees of the Creech Coal Company and that it was presented for redemption on a regular pay day at the office of the company to Mr.

R. W. Creech, its president and general manager. The appellant's husband, Edmus Hoskins, acted as her agent in presenting the scrip and demanding payment. He testified that he presented the scrip to Mr. Creech and informed him that he had a book containing the statement and affidavit required by the statute; that he handed the book to Mr. Creech, who glanced through it and then informed him that the company was not redeeming scrip in cash. His testimony is corroborated by the testimony of Parks Howard, who accompanied him to the office of the coal company. Mr. Creech testified that the scrip was presented to him and payment demanded and that he was handed a book purporting to contain the names of those from whom the scrip had been purchased but he did not remember whether or not any statement in regard to the affidavit was made. He admitted, however, that he merely glanced at the book and that he informed Mr. Hoskins that the company was not redeeming its scrip in cash. The reason given for refusing to redeem the scrip was not a failure to present the statement and affidavit required by the statute, but the company took the position that it was not required to redeem it in cash. Two employees of the company who were in the office when Mr. Hoskins presented the scrip for redemption testified that they saw him present the book to Mr. Creech but heard no statement in regard to an affidavit. The evidence is uncontradicted, however, that the affidavit was in the book which was handed to Mr. Creech, but, conceding for present purposes, that it was necessary where the scrip had been purchased not from employees but from third persons to present the statement specified in the statute, that procedure was unnecessary in the present instance as the company notified Mrs. Hoskins' agent that it would not redeem the scrip in cash.

The appellant did all that was required of her under the statute, and in view of the construction of the statute in West Kentucky Coal Co. v. Nall & Bailey, 228 Ky. 76, 14 S. W. (2d) 400; West Kentucky Coal Co. v. Nall and Bailey, 234 Ky. 249, 27 S. W. (2d) 965; and Elkhorn Piney Coal Co. v. Elvove, 237 Ky. 570, 36 S. W. (2d) 3, it was the duty of the coal company to redeem the scrip in cash when presented to it on a regular pay day. It follows that plaintiff's motion for a peremptory instruction should have been sustained.

It is contended that section 4758b-1, Kentucky Statutes, is unconstitutional and that the court erred in sustaining the demurrer to the second paragraph of the answer. The statute provides that any person, firm, or corporation employing not less than 20 laborers shall redeem in cash at face value any scrip, duebills, checks, or other evidences of debt issued for labor and it shall redeem same at least once each month on a regular pay day from any person or persons, firm, or corporation who may present such evidences of debt for payment.

The constitutionality of the act was not questioned in the first two cases cited above, but in Elkhorn Piney Coal Co. v. Elvove it was held that the act was constitutional. Similar statutes have been declared constitutional by the courts of other states. Prairie Pebble Phosphate Co. v. Silverman, 80 Fla. 541, 86 So. 508; In re Petition of Ballestra, 173 Cal. 657, 161 P. 120; Harbison v. Knoxville Iron Co., 103 Tenn. 421, 53 S. W. 955, 56 L. R. A. 316, 76 Am. St. Rep. 682; Hancock v. Yaden, 121 Ind. 366, 23 N. E. 253, 6 L. R. A. 576, 16 Am. St. Rep. 396; State v. Peel Splint Coal Co., 36 W. Va. 802, 15 S. E. 1000, 17 L. R. A. 385. But, it is argued that our statute violates section 19 of our Constitution, which prohibits the enactment of any law impairing the obligation of contracts, and that it also violates section 10 of article 1 of the Federal Constitution.

Section 19 of our Constitution cannot be invoked. It is conceded that the metal disks here in question were issued by appellee to its employees long after the statute was enacted. To be invalid as impairing the obligation of contracts the statute must be one enacted after the making of the contract the obligation of which is claimed to be impaired. Pinney v. Nelson, 183 U. S. 144, 22 S. Ct. 52, 46 L. Ed. 125. The act not only does not contravene any provision of our Constitution, but it conforms to a mandate in the organic law itself. Section 244 of the Constitution reads:

"All wage-earners in this state employed in factories, mines, workshops or by corporations shall be paid for their labor in lawful money. The general assembly shall prescribe adequate penalties for violations of this section."

Somewhat similar legislation has been held to be in conformity with this constitutional provision. Pond Creek Coal Co. v. Riley Lester & Bros., 171 Ky. 811, 188 S.

W. 907; Kentucky Coal Mining Co. v. Mattingly, 133 Ky. 526, 118 S. W. 350. The Supreme Court of the United States has held that such legislation is not in conflict with any provision of the Federal Constitution. Knoxville Iron Co. v. Harbison, 183 U. S. 13, 22 S. Ct. 1, 46 L. Ed. 55; Keokee Consolidated Coke Co. v. Taylor, 234 U. S. 224, 34 S. Ct. 856, 58 L. Ed. 1288.

The judgment is reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.