## Diggs v. Universal Underwriters.

Oct. 18, 1940.

L. L. Hindman, Judge.

Farland Robbins and Aaron Brown for appellant.

McDonald & Boaz for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

The appellant, Ben F. Diggs, doing business as the Diggs Motor Company, hereinafter referred to as the plaintiff, was issued a policy of insurance by the Universal Underwriters, a reciprocal insurance association, wherein the plaintiff was insured against loss by fire and theft on certain automobiles owned by him. The plaintiff is a resident and citizen of Tennessee and the policy was executed in Tennessee and the property insured was located there.

An automobile belonging to the plaintiff was stolen and he instituted this action in the Graves Circuit Court to recover its value in the sum of $750. The Universal Underwriters and three individuals who are residents of Graves County and members of the Universal Underwriters' reciprocal association were named as defendants. Summons were issued to Graves County and served on the three individuals. Also, summons was issued to Franklin County for the Universal Underwriters and service was had upon it through the insurance commissioner as provided by Section 743m-4, Kentucky Statutes.

Upon motion made by the three individual defendants, the summons issued against them to Graves County and the return thereon showing same was served

upon them in Graves County was quashed. Upon motion made by the Universal Underwriters, the summons issued against it to Franklin County and the return thereon showing service on it through the insurance commissioner was likewise quashed. The petition was dismissed and plaintiff appeals.

One of several contentions made by the plaintiffs is that this action is against all of the members of the reciprocal insurance association, and being filed in the county of the residence of three of the defendant members and served there upon them, service could then be had on the Universal Underwriters in Franklin County as provided in Section 78 Civil Code of Practice. This section of the Code reads:

"An action which is not required by the foregoing sections of this article to be brought in some other county may be brought in any county in which the defendant, or in which one of several defendants, who may be properly joined as such in the action, resides or is summoned."

As the answer to this contention disposes of the case, it is unnecessary to state or discuss the other reasons for reversal urged by plaintiff.

Reciprocal or exchange insurance is dealt with by Sections 743m-1 to 743m-12, Kentucky Statutes. Sections one and two of that statute read:

"§ 743m-1. Individuals, partnerships and corporations of this Commonwealth, hereby designated subscribers, are hereby authorized to exchange reciprocal or interinsurance contracts with each other or with individuals, partnerships and corporations or other states and countries providing indemnity among themselves from any loss which may be insured against under other provisions of the laws, excepting life insurance."

"§ 743m-2. Such contracts may be executed by an attorney in fact herein designated attorney, duly authorized and acting for such subscribers, and such attorney may be a corporation. The office or offices of such attorney may be maintained at such place or places as may be designated by the subscribers in the power of attorney."

Under Section 743m-3 such attorney shall file with

the Insurance Commissioner of Kentucky a certified declaration containing certain information (not necessary to incorporate herein) required by this section. That part of Section 743m-4 which is material to this controversy reads:

"§ 743m-4. Concurrently with the filing of the declaration provided for by the terms of subsection three hereof, the attorney shall file with the insurance commissioner an instrument in writing, executed by him for said subscribers, conditioned that upon the issuance of certificate of authority, provided for in subsection ten hereof, service of process may be had upon the insurance commissioner in all suits or other proceedings in this Commonwealth arising out of such policies, contracts, agreements of [or] other business of insurance transacted under such license, *which service shall be valid and binding upon all subscribers exchanging at any time reciprocal or interinsurance contracts through such attorney.* * * * Where the principal office of the attorney is located in this Commonwealth service of process may be had *upon all subscribers by serving same upon the attorney at said office. Service of process shall not be had upon said subscribers or any of them in any suit or other proceeding in this commonwealth except in the manner provided in this section,* and any suit or other proceeding may be begun and prosecuted or defended by them under *the name or designation adopted by them.* * * *" (Our italics.)

The above quoted parts of Section 743m-4 expressly provide that service of process may be had on the insurance commissioner, and where the principal office of the attorney is located in this Commonwealth, it may be had upon the attorney. Whether the process is served upon the insurance commissioner or upon the attorney, that part of the section we have italicised provides such service is binding upon all subscribers. However, the statute does not stop there, but expressly forbids service of process upon the subscribers in any suit brought in this Commonwealth except in the manner provided in this section. Under Section 743m-4 any suit may be instituted and prosecuted or defended by the subscribers under the name adopted by them, which in this instance is the "Universal Underwriters." Here the Legislature

has designated that actions may be prosecuted or defended by the subscribers under the name they adopt and it designates an exclusive manner in which such subscribers may be served with process and brought into court. Therefore, it is incumbent upon litigants to follow the plain provisions of the statutes in bringing the reciprocal association and its subscribers into court.

Courts of other states having similar statutes to ours regarding service of process in suits against reciprocal insurance associations have held service is not proper upon the individual subscribers, and that it can only be had on the insurance commissioner directly or upon the attorney in fact representing the subscribers, and such service brings all the subscribers before the court. Warfield-Pratt-Howell Co. v. Williamson, 233 Ill. 487, 84 N. E. 706; Vandover v. Lumber Underwriters, 197 Ark. 718, 126 S. W. (2d) 105.

The issuing of summons against the three individual subscribers residing in Graves County and the service of same upon them there not being in conformity with section 743m-4, Kentucky Statutes, the trial judge correctly quashed the summons against them and the return thereon. When these three Graves County defendants went out of the case, the trial judge of necessity quashed the summons to Franklin County and the return thereon because in an action authorized under Section 78, Civil Code of Practice, the court loses jurisdiction of the defendant residing outside the county when the action as to the resident defendants is for any reason dismissed or terminated in their favor, Com., etc., v. James, 138 Ky. 472, 128 S. W. 338; Gainesboro Telephone Co. v. Buckner, 160 Ky. 604, 169 S. W. 1000; BancoKentucky v. Weil, 258 Ky. 243, 79 S. W. (2d) 977.

The judgment is affirmed.