## Clear Fork Coal Co. v. Robertson.

March 7, 1941.

Robert J. Watson for appellant.

W. J. Stone for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The appellant is a coal mining corporation with general offices in Middlesboro and a main office in the town of Fonde. The appellee conducts a retail grocery and mercantile store in West Middlesboro, and, in the conduct of his business, acquired in exchange for goods and merchandise, script or metal disks of the face value of $506.60 issued by appellant to its employees as a medium of credit for labor performed or to be performed. Alleging that he had "presented same to defendant for payment in cash on the 14th day of February, 1939, together with a statement of the script and from whom purchased, sworn to by plaintiff, and payment was refused at the office where said defendant pays its employees," appellee instituted this action against appellant to recover the face value of the script plus 6% interest per annum from the date on which the petition was filed. The appellee demurred to the petition and subsequently traversed its allegations, after which, apparently by agreement of the parties, the action was tried by the Court without intervention of a jury. The Trial Judge on the law and facts, found for the plaintiff, and this appeal is from that judgment.

It is first insisted that the petition was fatally defective because the pleader failed to allege that February 14, 1939, was a regular payday of the coal company, and omitted to state with particularity that he had kept the records required or presented the sworn statement referred to in Section 4758b-1, Kentucky Statutes, on which the action was predicated. The petition contains the allegations that the fourteenth and twenty-eighth of each calendar month were the days on which the appellant redeemed its script in cash, and, as will be seen

from the excerpt heretofore quoted, that appellee presented the appellant with a statement "of the script and from whom purchased sworn to by plaintiff." In the absence of a motion to require plaintiff to make his petition more specific, we have no doubt that the petition stated a cause of action since it alleged a substantial compliance with the Statute. Elkhorn Piney, etc., Co. v. Elvove, 237 Ky. 570, 36 S. W. (2d) 3.

The defenses to the merits of the case which appellant's counsel now urges us to adjudge sufficient are equally technical, since he failed to introduce any evidence whatsoever that the appellee had not in good faith acquired the script in exchange for merchandise of equal value. The records which the appellee was required by statute to keep may not have possessed the accuracy which modern bookkeeping methods would have insured, and a small portion of the script was taken in "making change," but no material inaccuracy is pointed out, and we are unable to perceive how appellant has been prejudiced by the alleged deficiencies of which it complains. The testimony for the appellee disclosed a substantial compliance with the statute, and to require more, would, as said by the Trial Court "practically prohibit any person from purchasing this script." Thus employers issuing script to their employees would be aided by the courts in bringing about a result which we have held the Legislature could not constitutionally accomplish.

Judgment affirmed.