## Diggs v. Universal Underwriters.

Oct. 29, 1943.

584

Aaron Brown and Farland Robbins for appellant.

Smith & Leary for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The appellee, Universal Underwriters, is a reciprocal insurance association, sometimes called an "inter-insurance exchange," whose attorney-in-fact is located in Missouri. It was authorized to do business in Kentucky under authority of Section 743m-1 et seq., Kentucky Statutes, now Ky. Rev. Statutes 302.080 et seq. Ben F. Diggs, doing business as the Diggs Motor Company, a resident of Tennessee, was issued in that state a policy of insurance by this association indemnifying him against loss by theft of an automobile. For some undisclosed reason he brought suit in Graves County, Kentucky, against Universal Underwriters and three individuals, residents of that county having policies issued by the association, to recover $750 for a loss sustained under his policy. We affirmed the judgment of the Graves Circuit Court which quashed process upon the individuals and the Insurance Commissioner of Kentucky as process agent of the association. Diggs v. Universal Underwriters, 284 Ky. 160, 143 S. W. (2d) 1067. Diggs then filed this suit in Franklin County against Universal Underwriters and had process served upon the Director of the Division of Insurance (formerly called Commissioner of Insurance). Section 743m-4, Kentucky Statutes, now KRS 302.100. The Circuit Court quashed the return of the service, ruling that it had no jurisdiction of the case, and dismissed the petition. Plaintiff appeals.

The appellant relies upon Barnes v. Union Central Life Insurance Co., 168 Ky. 253, 182 S. W. 169, in which it is held that the Franklin Circuit Court had jurisdiction of a suit by a nonresident upon a policy of insurance issued in Virginia against an Ohio insurance corporation doing business in Kentucky, the process having been served on the Commissioner of Insurance, designated as its process agent under Section 631, Kentucky Statutes. The case came within the provisions of Section 78 of the Civil Code of Practice authorizing the

prosecution of a transitory action in any county where a defendant resides or is summoned. The difference between that and the instant case lies in the difference between two statutes, the one pertaining to foreign insurance corporations generally and the other to reciprocal insurance associations. Section 631, Kentucky Statutes, now KRS 296.200, contains no limitations, the terms being that as a condition precedent to doing business in Kentucky a foreign insurance company must file a resolution, adopted by its board of directors, consenting that service of process upon the Commissioner of Insurance "in any action brought or pending in this state, shall be a valid service upon the company." The act dealing with reciprocal or interinsurance contracts describes the statement to be filed by the attorney-in-fact of the subscribers or mutual contractors with the Commissioner of Insurance (Section 743m-3), and empowers that official to issue a certificate of authority to do business in Kentucky upon compliance with the terms of the statute. Section 743m-10. It is provided by Section 743m-4 that concurrently with the filing of the statement for the purpose of procuring a license or authority to do business in the state, the attorney-in-fact shall file with the Insurance Commissioner "an instrument in writing, executed by him for said subscribers, conditioned that upon the issuance of certificate of authority, provided for in subsection ten hereof, service of process may be had upon the insurance commissioner in all suits or other proceedings in this Commonwealth arising out of such policies, contracts, agreements of [or] other business of insurance transacted under such license, which service shall be valid and binding upon all subscribers exchanging at any time reciprocal or interinsurance contracts through such attorney."

It is to be noted that unlike the statute relating to foreign insurance companies generally this statute makes the insurance commissioner a process agent only for suits or other proceedings arising out of policies or contracts or other business of insurance "transacted under such license," that is, the license to do business in Kentucky. It would probably be to the public interest, as the appellant suggests, that the law should be as nearly uniform as possible in the matter of venue of actions against insurance companies and associations without regard for the nature of the company. But that is a matter for the consideration of the Legislature. There can be no

question of the power of the Legislature to provide that an insurance company or association shall designate the state officer as its process agent for service in cases founded upon contracts executed in the state. See Maryland Casualty Co. v. Newport Culvert Co., 277 Ky. 320, 126 S. W. (2d) 468. We cannot follow appellant's argument that the clause "under such license" in Section 743m-4 applies only to "other business of insurance transacted," and does not include "such policies, contracts, agreements" which are coupled with the last phrase by the word "or" (misprinted "of" in the publication of the act in the statute). Nor can we agree that since all members of the association, irrespective of residence, do business one with the other in the interchange of insurance protection through the medium of an attorney-in-fact it should be held that every contract was made or policy issued in every other state where any member resided was under the license issued by Kentucky and every other state collectively.

While an action on a contract is generally transitory, jurisdiction of the parties must be obtained. Our statute has provided that jurisdiction of a reciprocal insurance association may be obtained by service upon the insurance commissioner as a process agent only if the contract was made or transaction had under a license issued by him. His representative character is thus restricted. Cf. Smither v. J. R. Watkins Co., 223 Ky. 777, 4 S. W. (2d) 707. When it is made to appear that the contract was executed elsewhere or under some other authority than the license issued by the Insurance Commissioner of Kentucky, the defendant cannot be brought before the courts of this state by service upon that officer.

The appellant invokes the Federal Constitution. It appears that this character of interinsurance was transacted prior to the enactment of any statute pertaining thereto (In re Minnesota Insurance Underwriters, D. C., 36 F. (2d) 371; Note, 94 A. L. R. 838), and it may be that under such conditions a member could maintain a suit against any other member wherever he resided or was summoned. But the enactment of the statute of Kentucky restricting the use of our courts where process is served upon the insurance commissioner as an agent did not impair the obligation of a contract made out of the state many years after the statute was enacted. 12 Am. Jr., Constitutional Law, sec. 387; Hoskins Grocery Co. v.

Creech Coal Co., 247 Ky. 8, 56 S. W. (2d) 555. Nor does the statute offend Article 4, Section 2, Clause 1, of the Constitution of the United States, declaring that the citizen of each state shall be entitled to all privileges and immunities of citizens of the several states. Other reasons aside, the statute is just as applicable to suits brought by citizens of Kentucky as of Tennessee.

The judgment is affirmed.