GARDNER, J.
 

 A criminal complaint was filed in the Anaheim-Fullerton Municipal Court charging the defendants, as an employing unit, with violation of section 2110 of the California Unemployment Insurance Code in that these defendants did “knowingly withhold the deductions required . . . and did wilfully and unlawfully fail and were financially unable to pay such deductions to the Department of Employment. . . .”
 

 The California Unemployment Insurance Code, after making provision for the withholding by the employer of workers’ contributions to the Unemployment Insurance Fund, holding the same in trust, and protecting these funds from civil processes, provides in section 2110 that any employing unit which “knowingly withholds the deductions required by this division from remuneration paid to the workers, and wilfully fails or is financially unable to pay such deductions ... is guilty of a misdemeanor.”
 

 On motion of the defendant, the trial court dismissed the complaint on the ground that this section is unconstitutional as constituting imprisonment for debt, contrary to article I, section 15 of the California Constitution. This section provides : “No person shall be imprisoned for debt in civil actions . . . unless in cases of fraud. ...”
 

 In the judicial review and interpretation of legislation, two basic principles govern the courts: (1) The courts do not pass on the wisdom or the discretion of the Legislature in
 
 *890
 
 enacting a law, but merely test the enactment to ascertain whether or not it comes within the framework of the Constitution ; (2) Legislation is presumed to be constitutional. Unconstitutionality must be clearly shown, and all doubts are to be resolved in favor of validity.
 

 Keeping these principles firmly in mind, several issues are presented for decision.
 

 I.
 
 Does the Constitutional Prohibition Against Imprisonment for Debt Apply in Criminal Cases? Yes.
 

 The People contend that this constitutional prohibition does not apply in criminal cases. With that contention we cannot agree. Although such a general statement appears in several cases
 
 (In re Nowak,
 
 184 Cal. 701 [195 P. 402]
 
 ; In re Oswald,
 
 76 Cal.App. 347 [244 P. 940]), these statements were expressly disapproved in
 
 In re Trombley,
 
 31 Cal.2d 801 [193 P.2d 734]. In that case the court stated, at page 804 (after quoting section 15 of article I of the California Constitution) : “Although by its terms the prohibition is directed to imprisonment in civil actions, it has been held to apply in a criminal proceeding when it appears that the legislation under which the accused is charged constitutes an attempt to make the mere act of failing to pay a debt a crime. (Citations.) ”
 

 II.
 
 Are These Workers’ Contributions Taxes, and, If So, Does the Prohibition Against Imprisonment for Debt Apply to Taxes? The Answer to Both of These Questions Is Yes.
 

 The People contend that these contributions are taxes, and that the constitutional prohibition against imprisonment for debt does not apply to taxes. As to the first contention, the weight of authority appears to be that these workers’ contributions are taxes.
 

 The Supreme Court in
 
 Umpire Star Mines Co.
 
 v.
 
 California Employment Commission,
 
 28 Cal.2d 33 [168 P.2d 686), held that the word “contributions” as used in the California Unemployment Insurance Code is “a euphemistic expression meaning tax exactions (page 47).” Section 989 of the California Unemployment Insurance Code refers to “the annual tax rate or contribution rate.” In
 
 In re Hacker-Byrnes Corp.,
 
 96 F.Supp. 349, the court states: “We think that the monies which were withheld from the wages of the employees (under California Unemployment Insurance Code) are clearly taxes. ”
 

 However, we cannot agree with the People’s contention that this constitutional prohibition does not apply to taxes. The expression “the law abolishing imprisonment for debt has
 
 *891
 
 no application for taxes” is to be found in Cooley on Taxation, fourth edition, paragraphs 22 and 1349, and cases cited therein. However, most of these cases are license cases. There the penalty is for engaging in business without paying the tax, not simply for nonpayment of a tax. There the defendant is not charged with failure to pay the license or tax; he is charged with carrying on a business without a license which he could secure by the paying of a license or tax.
 

 In all cases found in our research the element of wilfulness is found to be present before a criminal act is held to have been committed. The expression “wilfully non-complying,” “wilfully neglecting,” “wilfully refusing,” “wilfully attempting” appears in all legislation in which criminal prosecution for failure to pay the tax is upheld. It appears to us that there must be criminal intent and wilfulness so as to bring the matter within the fraud exception to this constitutional prohibition (see below) before imprisonment for nonpayment of taxes may be had. Thus, we hold that the constitutional prohibition against imprisonment for debt does apply to taxes.
 

 III.
 
 Does Section 2110 of the California Unemployment Insurance Code Come Within the Fraud Exception to the Constitutional Prohibition Against Imprisonment for Debt? Yes.
 

 This constitutional prohibition is expressly subject to the exception “unless in case of fraud.” The people contend that this section, as reasonably interpreted, brings the case within this exception. With this contention we agree.
 

 The section provides that an employer is guilty of a criminal offense who knowingly withholds the deduction and “wilfully fails or is financially unable to pay.” The first alternative, i.e. “wilfully fails ... to pay” is, under the authority of
 
 In re Trombley (supra),
 
 clearly constitutional as a “case of fraud.” In that case it was declared a misdemeanor for an employer who “having the ability to pay, wilfully refuses to pay wages, etc.” The court held, on page 810, that “an employer who knows that wages are due, has ability to pay them, and still refuses to pay them, acts against good morals and fair dealing, and necessarily intentionally does an act which prejudices the rights of his employee. Such conduct amounts to a ‘case of fraud’ within the meaning of the exception to the constitutional prohibition and may be punished by statute.” The same reasoning fits the situation in this case. An employer who knowingly withholds
 
 *892
 
 the deductions and then
 
 wilfully
 
 fails to pay them does an act against good morals and fair dealing and necessarily intentionally does an act which prejudices the rights of the employee. Such conduct amounts to “a case of fraud” and is an exception to the constitutional prohibition against imprisonment for debt.
 

 The second alternative, “or is financially unable,” presents a problem in interpretation. If this provision is interpreted to provide that simply being financially unable to pay is a criminal offense, it is clearly within the constitutional prohibition against imprisonment for debt. Simple insolvency would be a crime. The employing unit, and each member of it, would be guilty of a crime, if a dishonest employee or partner would embezzle the funds or if the money was stolen, lost, or destroyed, regardless of proof of fault. Such was clearly not the intent of the Legislature. In order for there to exist a case of fraud so as to bring this or any other ease within the fraud exception to this constitutional prohibition, there must exist wilfulness. The word “wilfully” as used in criminal statutes implies a purpose or willingness to commit the act, and although it does not require an evil intent, it implies that the person knows what he is doing, intends to do what he is doing, and is a free agent
 
 (In re Trombley, supra).
 
 Thus, the question presented is, with reasonable interpretation, does the word “wilfully” qualify not only the word “fails,” but also “is financially unable.” We hold that it does.
 

 It appears to us that the Legislature intended by this section to punish the individual who wilfully has divested himself of these withheld contributions. For example, he pays business creditors with them, gambles them away, conveys them to his wife in a property settlement agreement, and then comes to court and says, “I am not wilfully failing to pay these withheld deductions, I simply don’t have them. I am financially unable to pay them.” If he is wilfully financially unable to pay them, he is guilty. If not wilfully financially unable, but innocently so, then he is not guilty.
 

 How effectively did the Legislature carry out this intent? We grant that this is an awkwardly drawn law. The Legislature might well have repeated the word “wilfully” before each alternative, so that it would read “wilfully is financially unable,” but it did not. However, it should be noted that there is no punctuation which would indicate any intent that the word “wilfully” does not qualify this second alternative.
 
 *893
 
 An examination of penal statutes with alternative provisions indicates that the Legislature does not repeat the words “wilfully,” “maliciously,” “knowingly” and “unlawfully” before each of the alternative acts proscribed. Typical is section 415 of the Penal Code which provides, “Every person who maliciously and wilfully disturbs the peace and quiet ... by loud or unusual noise ... or who upon the public highways . . . runs a horse-race ... or fires any gun ... or uses any vulgar, profane, or indecent language ... is guilty of a misdemeanor.” The words “wilfully” and “maliciously” are not repeated before each alternative; yet each alternative is read as though they were, and proof of wilfulness and malice is essential before a successful prosecution can be had on any alternative.
 

 We hold that the word “wilfully” qualifies the phrase “is financially unable.” Thus, a showing of wilfulness is necessary for a conviction. This case is thus distinguishable from the case of
 
 In re Crane,
 
 26 Cal.App. 22 [145 P. 733], and
 
 People
 
 v.
 
 Bolder,
 
 53 Cal.App. 45 [199 P. 832], in which statutes were held unconstitutional as being violative of the constitutional prohibition since the provisions in those statutes did not require wilfulness.
 

 The judgment is reversed. The case is remanded to the trial court with instructions to set aside the order of dismissal and proceed with the trial.
 

 West, P. J., and Thompson, J., concurred.