[No. 14825. In Bank. — April 26, 1892.]

## JOSIAH SHERER, PETITIONER, *v.* THE SUPERIOR COURT OF LASSEN COUNTY, RESPONDENT.

CERTIORARI — JURISDICTION OF SUPERIOR COURT — ERRORS OF JUSTICE'S COURT. — Upon a writ of *certiorari* in the supreme court to review the action of the superior court in entering judgment in a case appealed from the justice's court, only the acts of the superior court done in excess of its jurisdiction can be considered, and irregularities or errors committed in the justice's court will not be examined into.

ID. — APPELLATE JURISDICTION OF SUPERIOR COURT — STATUTORY REGULATIONS — CONSTITUTIONAL LAW. — The provision of the constitution that the superior court "shall have appellate jurisdiction in such cases arising in justices' and other inferior courts in their respective counties as may be prescribed by law" limits the exercise of its jurisdiction to the extent and mode which the legislature may prescribe; and it can acquire no jurisdiction of a cause in the justice's court, except in conformity with the steps prescribed by statute for taking an appeal therefrom.

ID. — APPEAL FROM JUDGMENT SETTING ASIDE PREVIOUS JUDGMENT AND DISMISSING ACTION — NEW TRIAL. — Upon an appeal from a judgment in a justice's court setting aside a judgment previously rendered, and dismissing the action, the superior court cannot affirm the judgment set aside, which was not appealed from, and which has ceased to exist; but its jurisdiction is limited to a review of the judgment appealed from, and if of the opinion that the court erred in vacating the previous judgment, it should reverse the judgment appealed from, and order a new trial.

CERTIORARI to the Superior Court of Lassen County.

The facts are stated in the opinion of the court.

*Henry N. Clement*, and *Spencer & Raker*, for Petitioner.

*A. L. Shinn*, for Respondent.

HARRISON, J. — *Certiorari* to review the action of the superior court of Lassen County in entering judgment against the petitioner in a cause appealed from the justice's court of township No. 1 in that county.

Whatever irregularities or errors were committed in the justice's court cannot be examined upon this proceeding. The writ is directed to a review of the action of the superior court, and its functions are limited to such acts of that court as were in excess of its jurisdiction.

The provision of the constitution that the superior court "shall have appellate jurisdiction in such cases arising in justices' and other inferior courts in their respective counties as may be prescribed by law" limits the exercise of its jurisdiction to the extent and mode which the legislature may prescribe. The superior court can acquire appellate jurisdiction of a cause pending in a justice's court only in conformity with the steps prescribed by the statute for taking an appeal from that court, nor can it, after such appeal has been taken, exercise any other jurisdiction in the cause than has been authorized by statute. Within the limits thus prescribed, however, its errors in the exercise of its jurisdiction, however gross or glaring they may be, must be submitted to as a part of the sacrifice which every individual is compelled to yield to the infirmities of human government. After its appellate jurisdiction has once been acquired, its action within the limits of that jurisdiction, unless in direct contravention of some positive statute, is entitled to all the presumptions of regularity that attach to the exercise of its original jurisdiction.

It appears from the statement of the case upon which the appeal was heard by the superior court that on July 25, 1891, judgment had been rendered in the justice's court in favor of the plaintiff, and that on August 1, 1891, upon motion of the defendant, the justice set aside the said judgment, and afterwards, on the same day, when the case came on for trial, gave and entered judgment dismissing the action and allowing the defendant his costs. Thereupon the plaintiff appealed to the superior court, and stated in his notice of appeal that he appealed "from the judgment entered herein on the first day of August, 1891, in favor of the defendant, and against this plaintiff," and that "said appeal is taken on questions of law alone, and from the whole of said judgment." In due time thereafter, a statement of the case was prepared and settled by the justice, and when the matter was heard thereon in the superior court, that court rendered and filed its decision that the judgment

of July 25th be affirmed, and the judgment of August 1st be reversed, and thereupon caused to be entered in its records the following judgment: —

"This cause came on regularly to be heard on the seventh day of October, 1891, on appeal from justice's court of township No. 1 of the county of Lassen, state of California, on questions of law alone, and the cause having been submitted to the court for its decision, and the court, on the twenty-sixth day of October, 1891, having made and filed its decision affirming the judgment given and made in said justice's court on July 25, 1891, in favor of plaintiff, it is ordered, adjudged, and decreed that the plaintiff, H. L. Hoagland, do have and recover of the defendant, Josiah Sherer, the sum of $95.05, and his costs herein, taxed at $12.35."

Section 980 of the Code of Civil Procedure provides: "Upon an appeal heard upon a statement of the case, the superior court may review all orders affecting the judgment appealed from, and may set aside, or confirm, or modify any or all of the proceedings subsequent to and dependent upon such judgment, and may, if necessary or proper, order a new trial. When the action is tried anew, on appeal, the trial must be conducted in all respects as other trials in the superior court."

In the present case the judgment appealed from is the one which was entered August 1, 1891, and as there were no proceedings subsequent to or dependent upon *such* judgment, the action of the court was limited to a review of the orders "affecting" that judgment, or to the granting of a new trial. It had no jurisdiction to cause the judgment appealed from to be entered in its own records, nor could it enter its own judgment upon the merits of the case, except upon a new trial. While upon *certiorari* to the justice's court it would have had authority to annul the order of August 1st vacating the previous judgment, and also the judgment of that date, yet upon an appeal from the judgment of August 1st it was limited to a review of that judgment, and if, in its judgment, the justice had erred in vacating the judg-

ment of July 25th, and rendering the judgment appealed from, it should have reversed the judgment and ordered a new trial. It could not, however, upon an appeal from the judgment of August 1st, affirm the judgment rendered by the justice on July 25th, for the reason that there had been no appeal from that judgment, and also because, having been vacated in the justice's court, there was no judgment of that date to be affirmed. If, in the judgment of the superior court, the justice erred in vacating the judgment and rendering the judgment appealed from, it should have ordered a new trial, and the parties could then have obtained its own judgment upon the merits of the controversy.

It is therefore ordered that the judgment aforesaid entered in the superior court be and the same is hereby annulled, and that court is directed to proceed upon the appeal before it as is indicated in this opinion, and to render its judgment accordingly.

De Haven, J., Garoutte, J., McFarland, J., Paterson, J., and Sharpstein, J., concurred.