[Civ. No. 956.    Second Appellate District.—March 1, 1911.]

THE TIMES-MIRROR COMPANY, a Corporation, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY and W. R. HERVEY, Judge Thereof, Respondents.

CERTIORARI—JURISDICTION OF SUPERIOR COURT—APPEAL FROM JUSTICE'S COURT — PLEA OF ANOTHER ACTION PENDING — CONCLUSIVENESS OF DECISION.—*Certiorari* will not lie to annul the action of the superior court on the ground that it exceeded its jurisdiction on appeal from a justice's court, in denying a plea of another action pending between the same parties for the same cause, and proceeding with the trial of the appeal. The motion presented an issue to be tried by the superior court, and one which the court had jurisdiction to determine either in favor of the plaintiffs or defendant in the action, and the judgment, when rendered, became final and conclusive between the parties.

ID.—OFFICE OF CERTIORARI.—The writ of *certiorari* can be called into use only for the purpose of reviewing judgments or orders made without or in excess of jurisdiction, and cannot be made to serve the office of an appeal.

PETITION for writ of review.

The facts are stated in the opinion of the court.

John Beardsley, for Petitioner.

A. W. Sorenson, for Respondents.

JAMES, J.—Petitioner herein seeks to have reviewed a judgment of the superior court rendered in an action on appeal from a judgment of the justice's court of Los Angeles township. It appears that W. S. Booher and Ella B. Booher brought an action against the petitioner in said justice's court to recover damages in the sum of $299.99, alleged to have been suffered by reason of a wrongful levy, under process of attachment, upon personal property belonging to them. In its answer to the complaint of the plaintiffs therein, petitioner interposed the defense that there was then pending another action for the same cause between the same parties. In the justice's court judgment was awarded the plaintiffs, and petitioner, being the defendant in that action, appealed to the superior court. The superior court in due time proceeded to retry the action on appeal, and again judgment was rendered against petitioner. At the commencement of the trial in the superior court petitioner first offered evidence in support of its plea in abatement, or as phrased in the language of its answer, "that there was another action pending between the same parties for the same cause," and then made a motion that the action be dismissed, which motion was denied by the court and the trial proceeded with.

It does not appear that the superior court exceeded its jurisdiction in making the order denying the motion of petitioner and proceeding with the trial of the action, and rendering judgment therein. The matter as to whether or not there was pending another action between the same parties for the same cause was a matter presented as an issue to be tried by the court, and one which the court had jurisdiction to determine

either in favor of the plaintiffs or of the defendant in that action, and its judgment when rendered became final and conclusive between the parties. The writ of *certiorari* can be called into use only for the purpose of reviewing judgments or orders made without or in excess of jurisdiction, and cannot be made to serve the office of an appeal. (*Muir* v. *Superior Court,* 58 Cal. 361; *White* v. *Superior Court,* 110 Cal. 60, [42 Pac. 480] ; Code Civ. Proc., secs. 1068, 1074.)

The writ is discharged.

Allen, P. J., and Shaw, J., concurred.