[Civ. No. 1498.    Second Appellate District.—April 17, 1914.]

WM. O. HOOD, Petitioner, v. GEO. C. MELROSE, Recorder of the City of Tropico, Respondent.

Municipal Corporations—Erection or Removal of Shake Houses—Failure to Obtain Permit—Sufficiency of Complaint.—The ordinance of the city of Tropico regulating the erection and removal of buildings prohibits the erection or removal of shake houses without a permit, regardless of the value thereof. Hence a complaint charging the violation of the ordinance in moving and constructing or attempting to move and construct a shake house within the limits of the municipality without first procuring a

permit from the city trustees, does not fail to charge a public offense in not alleging that the cost of the removal or construction exceeded the sum of twenty dollars.

ID.—CHARGING OFFENSE IN DISJUNCTIVE—RAISING OBJECTION ON CERTIORARI.—An objection to such complaint that it is uncertain in that it charges the offense in the disjunctive cannot be raised in *certiorari* proceedings.

ID.—TITLE OF ORDINANCE—EXPRESSION OF DUAL PURPOSE.—A dual purpose expressed in the title of such ordinance contravenes no charter provision, and the constitutional provision that acts of the legislature shall embrace but one subject has no application to municipal ordinances.

ID.—REASONABLENESS OF ORDINANCE—POWER OF BOARD TO REFUSE PERMIT.—In the absence of an attack upon the reasonableness of the ordinance, a contention that it enables the board of trustees to prevent altogether the erection of certain structures by refusing to grant permits therefor is not sustainable; neither is a contention that since such structures may be erected only in case a permit therefor is obtained from the board, which in the exercise of its discretion it may, unguided by any fixed rule, grant or refuse, the ordinance empowers the board to act arbitrarily, favor one individual as against another, and without cause refuse to grant such permit.

ID.—VIOLATION OF ORDINANCE—CONVICTION—CERTIORARI NOT PROPER METHOD TO OBTAIN REVIEW.—Where a person has been convicted in the recorder's court of violating such ordinance, *certiorari* will not lie to review the judgment; his remedy is by appeal to the superior court.

APPLICATION for a Writ of Review to be directed to the Recorder of the City of Tropico.

The facts are stated in the opinion of the court.

Frederick M. Hall, Frank L. Muhleman, and Wirt C. Smith, for Petitioner.

Frederick Baker, for Respondent.

SHAW, J.—In response to a writ of *certiorari* issued by this court and directed to respondent as recorder of the city of Tropico, the proceedings had and taken in the recorder's court presided over by respondent in a certain action wherein petitioner was convicted of the violation of a city ordinance, have been transmitted to this court for review.

The city of Tropico is a municipal corporation of the sixth class, empowered, among other things, (1) "to pass ordinances not in conflict with the constitution and laws of this state, or of the United States"; (16) "to establish and maintain fire limits and regulate building and construction and removal of buildings within the municipality." Pursuant to such power the board of trustees adopted an ordinance prescribing certain rules and regulations for control in the construction and removal of buildings, and fixing a penalty for the violation thereof. This ordinance provided for the appointment of a building inspector, who was authorized to issue permits for the construction, repair, and removal of buildings, upon the applicant therefor complying with the rules and regulations prescribed by the ordinance; and by section 2 thereof declared it unlawful for any person to commence or proceed with the erection, alteration, removal, etc., of any such structure or building exceeding twenty dollars in cost, unless a permit so to do be first obtained from said building inspector. Section 19 of the ordinance further provided: "It is hereby declared to be unlawful for any person, firm, or corporation, within the limits of the city of Tropico, except upon a written permit granted by the board of trustees of the city of Tropico, and then only at the place specified in such permit, to build, construct, or erect any tent, tent-house, cloth or shake house, cloth or shake building or structure, or California house, or repair the same or to construct any addition thereto, or to remove any such tent, tent-house, cloth or shake house, building or other structure, to any location in said city of Tropico, or to cloth or paper, in whole or in part, any room except such room be first ceiled with board and such cloth be tightly stretched thereon; or to construct or extend through the walls, windows or roofs of any building or structure, a stovepipe or tiling, for use as a chimney or flue."

On July 21, 1913, a complaint was filed in the recorder's court charging petitioner with the violation of said ordinance in that he did "move and construct, or attempt to move and construct, a building, to wit: a shake house upon lot No. 1, tract 2137, corner of Glendale Avenue and Moore Avenue, in violation of the said ordinance No. 44, of the said city of Tropico, without first procuring a permit from the said city of Tropico to move and construct said building." Upon trial,

petitioner was convicted and adjudged to pay a fine, or, in default thereof, suffer imprisonment in jail. On appeal to the superior court, and prior to the issuance of this writ, the judgment was affirmed.

Petitioner attacks the proceedings upon several grounds: First. He insists the complaint fails to charge a public offense in that it is not alleged that the cost of the removal or construction exceeded the sum of twenty dollars, in which case only, as provided by section 2 of the ordinance, was a permit required. The offense charged, however, is the construction of a "shake house," a permit for the erection of which the building inspector had no power to issue. Since section 19 of the ordinance prohibits the erection or removal of such structures, without regard to the value thereof, unless a permit be obtained from the *board of trustees,* the complaint charged an offense under the provisions of section 19. Second. Petitioner attacks the sufficiency of the complaint by reason of the fact that it is uncertain in that it charges the offense in the disjunctive. Conceding this to be true, no demurrer was interposed upon such ground, which defect in no event is available in this proceeding. (*Ex parte Jackson,* 143 Cal. 564, [77 Pac. 457].) Third. Finally, petitioner insists the ordinance is unconstitutional in that more than one purpose is expressed in its title. A dual purpose expressed in the title of the ordinance contravenes no charter provision, and "the constitutional provision that acts of the legislature shall embrace but one subject has no application to municipal ordinances." (*Ex parte Haskell,* 112 Cal. 412, [32 L. R. A. 527, 44 Pac. 725].) Nor, in the absence of an attack upon the reasonableness of the ordinance as affecting petitioner, is there any merit in the contention that it enables the board of trustees to prevent altogether the erection of the structures specified in said section 19, by refusing to grant permits therefor. That it might do so admits of no doubt. (*In re Newell,* 2 Cal. App. 767, [84 Pac. 226].)

It is also urged that since such structures may be erected only in case a permit therefor be obtained from the board, which in the exercise of its discretion it may, unguided by any fixed rule, grant or refuse, the ordinance empowers the board to act arbitrarily, favor one individual as against another, and without cause refuse to grant such permit. The charter in

express terms empowers the board of trustees "to regulate building and construction and the removal of buildings within the municipality"; and "it is a well-recognized rule of statutory construction that a general grant of power, unaccompanied by specific directions as to the manner in which the power is to be exercised, implies the right and duty to adopt and employ such means and methods as may be reasonably necessary to a proper exercise of the power." (*Laurelle* v. *Bush,* 17 Cal. App. 409, [119 Pac. 953], and authorities cited.) In the case of *Ex parte Fiske,* 72 Cal. 125, [13 Pac. 310], the court upheld the validity of an ordinance which prohibited the repair of wooden buildings within the fire limits, unless permission so to do was obtained from the fire wardens, and in discussing the question the court said: "It is clear, however, that a literal compliance with the regulation prohibiting the repairing of a wooden building might work, in some instances, useless hardships. The repair of a leaking roof or broken window would be necessary to the comfort and health of a family, without enhancing the danger which the framers of the ordinance sought to provide against; and repairs of a more extensive character might be made to particular houses, standing in particular localities, without increasing the fire risks. And it is equally clear that no general rule could be established beforehand that would meet the emergencies of individual cases." This language is particularly applicable to the case at bar. For the purpose of effectually carrying out the powers conferred, the board could prohibit altogether the erection of tent and shake houses which, by reason of their inflammable character, might enhance the danger of fires. Instances, however, might arise where, by reason of location or otherwise, such structures could be erected without danger or detriment to the public interest, and where the denial of a permit might work great and unnecessary hardship; hence no general rule could be established that would meet the emergencies of individual cases. While there exists apparent conflict of authority, this view finds support in numerous cases. (*Ex parte Fiske,* 72 Cal. 125, [13 Pac. 310]; *In re Flaherty,* 105 Cal. 558, [27 L. R. A. 529, 38 Pac. 981;] *Ex parte Luening,* 3 Cal. App. 76; [84 Pac. 445]; *Sawyer* v. *Davis,* 136 Mass. 239, [49 Am. Rep. 27].) In the Flaherty case it is said: "In dealing with this and similar

questions—such as repairs of wooden buildings within fire
limits, carrying concealed weapons, using public buildings and
grounds, . . . —our federal, state, and municipal govern-
ments have always recognized the practical impossibility of
providing in advance for proper exceptional cases, and the
necessity of giving to a public officer some discretion in the
premises. . . . Laws are not made upon the theory of the
total depravity of those who are elected to administer them;
and the presumption is that municipal officers will not use
these small powers villainously and for the purposes of op-
pression and mischief.'' It is to be noted that in most of the
cases wherein the question is involved the power to grant or
withhold a permit was delegated to subordinate officers, while
in the case at bar the board itself retains and exercises the
power of passing upon each application for a permit. More-
over, since the board might absolutely prohibit the erection
of such structures, it is difficult to understand how petitioner
is injured by the possibility of the board permitting him to
do that which it could prohibit. (*Inhabitants of Quincy* v.
*Kennard,* 151 Mass. 563, [24 N. E. 860].)

Thus far we have treated the case upon its merits. Con-
ceding, however, that petitioner has just cause for the com-
plaint, his remedy is not by writ of *certiorari.* Under section
1068 of the Code of Civil Procedure, a writ of review may be
granted only in those cases where a tribunal, board or officer,
exercising judicial functions, has exceeded its jurisdiction
and there is no appeal, nor, in the judgment of the court, any
plain, speedy, and adequate remedy. Petitioner not only had
the right of appeal from the judgment rendered by the re-
corder's court, but, as shown by his petition, did appeal to
the superior court, where the case was tried and the judg-
ment affirmed. The fact that the superior court is not the
court of last resort is immaterial. It is a court of general
common-law jurisdiction which might have issued a writ of
*certiorari* in this case (Const., art. VI, sec. 5), and whose ap-
pellate jurisdiction extends to all cases arising in justices' and
other inferior courts in their respective counties. Having the
right of appeal to the superior court, petitioner is not entitled
to a writ of review issued out of this court. (*Tucker* v. *Jus-
tice's Court,* 120 Cal. 512, [52 Pac. 808] ; *Grant* v. *Justice's
Court,* 1 Cal. App. 383, [82 Pac. 263] ; *Bennett* v. *Wallace,* 43

Cal. 25; *Wittman* v. *Police Court,* 145 Cal. 474, [78 Pac.  1052] ; *Valentine* v. *Police Court,* 141 Cal. 616, [75 Pac. 336] ; *People* v. *Shepard,* 28 Cal. 115; *Times-Mirror Co.* v. *Superior Court,* 15 Cal. App. 515, [115 Pac. 248] ; *LaDue* v. *Forbes,* 19 Cal. App. 124, [124 Pac. 867].) While some of these cases involved civil actions, the rule applicable to the question is the same. Says the supreme court in discussing a like question: ''This court has never recognized the right of a petitioner to a writ of *certiorari* to review the judgment of a justice's court after appeal taken and determined in the superior court.'' (*Olcese* v. *Justice's Court,* 156 Cal. 82, [103 Pac. 317].) It is true that in the case of *Denninger* v. *Recorder's Court,* 145 Cal. 629, [79 Pac. 360], the court, basing the statement upon the fact that the jurisdiction of a recorder's court is limited in character, said: ''So that if the complaint upon which a defendant is arrested and tried fails to allege facts constituting one of the offenses to which its jurisdiction is confined, a judgment of conviction may be reviewed and annulled upon *certiorari.*'' The point, however, that in such case *certiorari* will not lie for the reason that the aggrieved party has a remedy by appeal, does not appear to have been urged as a ground for its refusal; and for this reason, in view of the numerous cases holding the contrary, it should not be deemed an authority upon the question. Neither can the case of *Mill* v. *Brown,* 31 Utah, 473, [120 Am. St. Rep. 935, 88 Pac. 609], cited by petitioner, be deemed an authority in support of his contention, for the reason that the Utah statute expressly provides that a case arising in an inferior court from which an appeal lies to the superior court, may, nevertheless, where it involves the constitutionality of an ordinance or statute, be further appealed to the supreme court.

The writ of *certiorari* heretofore granted is dismissed.

Conrey, P. J., concurred.

James, J., concurred in the judgment.