[S. F. No. 9678. In Bank.—February 8, 1921.]

## EDWARD ROBERTS, Petitioner, v. POLICE COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[1] CERTIORARI — JUSTICE'S COURT APPEAL — JUDGMENT OF INFERIOR COURT NOT REVIEWABLE.—The judgment of a police court or justice's court will not be reviewed on *certiorari* in the supreme court after appeal taken therefrom and determination of such appeal in the superior court.

[2] ID.—ERRORS OF JUSTICES' COURTS NOT REVIEWABLE — SCOPE OF WRIT.—Irregularities or errors committed in the police or justice's court cannot be examined on *certiorari* in reviewing the proceeding of the superior court on an appeal from such courts, as the writ, in so far as it runs against the superior court, is directed to a review of the action of that court, and its functions are limited to such acts as were in excess of its jurisdiction.

[3] ID.—ERROR IN DETERMINATION OF APPEAL—ACT WITHIN JURISDICTION.—The action of the superior court in affirming or reversing a judgment on an appeal from a judgment of a police or justice's court is an act in the exercise of its lawful jurisdiction, since

the statute gives the superior court jurisdiction to entertain such an appeal, and its action, even though erroneous, is not subject to review on *certiorari*.

[4] ID.—JUDGMENT OF POLICE COURT—INSUFFICIENCY OF EVIDENCE NOT REVIEWABLE.—Where a police court is invested with jurisdiction to determine the question of the guilt or innocence of one charged with a public offense, its determination of the question, whether based on sufficient evidence or not, is a determination arrived at in the exercise of its jurisdiction, and however erroneous it may be, it is not reviewable on *certiorari*.

[5] ID.—REVIEW OF SUFFICIENCY OF EVIDENCE—EXCEPTION TO RULE— INAPPLICABILITY TO TRIBUNAL INVESTED WITH JURISDICTION.—The exception to the rule that the sufficiency of the evidence will not be reviewed on *certiorari* which is made when the question is whether facts upon which the jurisdiction of an inferior tribunal depends were or were not proved, has no application to a tribunal invested with jurisdiction to try and determinate a fact in issue, with reference to proof of that fact.

PROCEEDING on Certiorari to annul an order of the Superior Court of the City and County of San Francisco affirming a judgment on an appeal from a police court. Michael J. Roche, Judge. Order affirmed.

The facts are stated in the opinion of the court.

Raine Ewell for Petitioner.

Matthew Brady and Leo R. Friedman for Respondents.

ANGELLOTTI, C. J.—This is a proceeding in *certiorari* instituted in the district court of appeal of the first appellate district, division two. The writ was there issued, and after hearing judgment was given vacating an order of the superior court which affirmed a judgment of the police court. On application of the respondents the judgment of the district court of appeal was vacated by this court and a hearing ordered herein.

Petitioner was duly charged, by complaint filed in the police court of the city and county of San Francisco, with having committed a public offense triable in said court. He was tried therein and found guilty, and judgment of imprisonment was pronounced upon such conviction. It is not claimed that the imprisonment adjudged was in excess of

that authorized upon conviction of the offense with which
he was charged. He then duly appealed from the judg-
ment of the police court to the superior court of said city
and county, which was authorized by our law to entertain
and determine such an appeal upon a statement of the case
settled by the police judge. (Pen. Code, secs. 1466-1470.)
The superior court, after a hearing, made its order affirming
the judgment of the police court. Petitioner then initiated
this proceeding in *certiorari.*

[1] It is thoroughly settled that the judgment of a police
court or justice's court will not be reviewed on *certiorari,*
after appeal taken therefrom and determination of such ap-
peal in the superior court. (*Olcese* v. *Justice's Court,* 156
Cal. 82, [103 Pac. 317] ; *Albers* v. *Superior Court,* 30 Cal.
App. 772, 775, [159 Pac. 453].) [2] It is also clear, as
expressly held in *Sherer* v. *Superior Court,* 94 Cal. 354,
[29 Pac. 716], that whatever irregularities or errors were
committed in the police or justice's court cannot be examined
in reviewing the proceeding of the superior court, and that
the writ, in so far as it runs against the superior court,
"is directed to a review of the action of the superior court,
*and its functions are limited to such acts of that court as
were in excess of its jurisdiction.*" (Italics are ours.) Juris-
diction of the superior court to entertain and determine the
appeal is not questioned. That jurisdiction was invoked by
petitioner himself, who, within the time and in the manner
required by law, took his appeal to such court from the judg-
ment of the police court, and the statute gives to the court
jurisdiction to entertain such an appeal when duly taken.
The appeal was heard upon a statement of the case as re-
quired by law. [3] The statute gives to such court the
power, upon such appeal, to reverse the judgment of the
police court and to grant a new trial, or to affirm the judg-
ment of the police court. It must determine the appeal,
reversing or affirming the judgment of the police court as
it deems one or the other course proper in view of the
matters shown by the statement of the case. Whichever it
does it is acting in the exercise of its lawful jurisdiction, and
not in excess of such jurisdiction. It has the same *power*
to affirm in any case that it has to reverse, and the mere
fact that its conclusion is wrong does not make its action
an excess of its *jurisdiction.* In such case we have simply

error in the exercise of jurisdiction. All that petitioner's contention amounts to in this regard is that the superior court should have reversed the judgment of the police court, and that it erred in affirming it. The substantial contention is that the statement of the case showed that the evidence on the trial in the police court was not sufficient to establish the guilt of the petitioner of the offense charged. If that be true, the superior court *erred* in affirming the judgment, but mere errors in the exercise of jurisdiction are not reviewable on *certiorari*. It seems superfluous to cite authorities in support of these well-settled propositions, but if authority be desired, it is to be found in the opinion of this court in the *Matter of Hughes*, 159 Cal. 360, [113 Pac. 684]. No ground appears, therefore, upon which the order of the superior court affirming the judgment of the police court may be here assailed.

[4] It may properly be noted that there is in fact no force in the claim of petitioner that the judgment of the police court was in excess of its jurisdiction. That claim is based on the same contention, insufficiency of evidence to establish guilt of the offense charged. Assuming this contention to be well based, there was no *lack of jurisdiction* to convict the defendant. What we have said with regard to the superior court on this point is equally applicable here. Where a court is invested with jurisdiction to determine the question of the guilt or innocence of one charged with a public offense, as was the police court in this case, by the filing of the complaint and by acquiring jurisdiction over the person of the defendant, its determination on the question of guilt or innocence, whether based on sufficient evidence or not, is a determination arrived at in the exercise of its jurisdiction, and however erroneous it may be, it is not void for want of *power* in the court to render the decision. Invested with the jurisdiction to determine the matter, the court has the power to determine it wrongly upon the evidence as well as correctly, and, under our law, the defendant's only remedy in the event of an incorrect decision is by appeal. On *certiorari*, as approvingly quoted in *Matter of Hughes, supra,* "upon every question except the mere question of power, the action of the inferior tribunal is final and conclusive." In such a case a claim of insufficiency of evidence to show guilt of the offense charged does

not go to the *jurisdiction*. It has been said that "an exception to the rule that the sufficiency of the evidence will not be reviewed is made when the question is whether jurisdictional facts were or were not proved" (*Stumpf* v. *Board of Supervisors*, 131 Cal. 364, 367, [82 Am. St. Rep. 350, 63 Pac. 663]), that is, whether facts *upon which the jurisdiction of a board or inferior tribunal depends* were or were not proved. We have in our reports many decisions wherein this exception has been applied, the case in which this declaration was made being one, and the case of *Thrasher* v. *Board of Medical Examiners*, 44 Cal. App. 26, [185 Pac. 1006], relied on by petitioner, being another. [5] But the exception has no application whatever to a tribunal invested with jurisdiction to try and determine a fact in issue, with reference to proof of that fact. In such a case that fact is not what is known as a "jurisdictional fact." It is the fact to be determined by the court having *jurisdiction to determine it,* and the determination of such court thereon is not *void,* however defective the evidence upon which it is based. (See 15 Corpus Juris, p. 729, secs. 25 and 26.)

As to the police court, the writ is discharged. As to the superior court, the order of said court is affirmed.

Lawlor, J., Sloane, J., Wilbur, J., Olney, J., Shaw, J., and Lennon, J., concurred.

Rehearing denied.

All the Justices concurred.