[Crim. No. 81. Fourth Appellate District.—February 27, 1933.]

In the Matter of the Application of R. SAMAHA for a Writ of Habeas Corpus.

Fred H. Thompson for Petitioner.

Elmer W. Heald, District Attorney, and R. I. French, Deputy District Attorney, for Respondent.

MARKS, J.—During the year 1932 petitioner resided in the city of Brawley, in Imperial County, and was engaged in farming about 130 acres of land near Calipatria, in the same county. On July 26, 1932, a complaint was filed with the justice of the peace of Calipatria township charging petitioner and his foreman with failing to pay Claudio Lares, a discharged employee, his wages, under the provisions of the wage law, Statutes of 1919, page 294, as amended. A similar complaint was filed on the same day, charging violation of the same act in failing to pay F. Galindo, a discharged employee, his wages. The two cases were consolidated and tried together, resulting in the conviction of petitioner, who appealed to the Superior Court of Imperial County, where both judgments were affirmed.

The first contention of petitioner is that the wage law is unconstitutional in that it permits imprisonment for debt. This has been resolved against him in the case of *In re Oswald,* 76 Cal. App. 347 [244 Pac. 940]. He

118

also advances the argument that a prosecution for violation of the act under consideration cannot be maintained until a civil judgment is obtained against the employer. This has no merit. The debt can be established by competent evidence during the prosecution for the offense.

■ Petitioner urges that the Justice's Court of Calipatria Township had no jurisdiction of the offense because, first, petitioner resided without Calipatria township, and, second, because venue was not proven at the trial.

Section 1 of the wage act provides that when an employer discharges an employee, the wage shall become immediately due and payable, and section 4 of the same act provides that the account shall be paid at the place of discharge.

Petitioner maintains that the employees were not discharged, but voluntarily left his employment. The record does not sustain this contention. Samaha's defense was based on the contention that he did not employ either of the complaining witnesses. He testified they had previously worked for him, but that prior to their last employment he instructed his foreman to hire no more Mexican labor. His testimony, and that of his foreman, was amply sufficient to sustain the implied finding that the two complaining witnesses were discharged. This would make their compensation immediately due at the place of their discharge, which was on the farm near Calipatria.

■ There is no direct evidence in the statement on the appeal to the Superior Court of Imperial County, that this farm was within the boundaries of Calipatria township. However, a justice of the peace is charged with judicial notice of the boundaries of his township. Witnesses located this farm, and undoubtedly the justice of the peace took judicial notice that it was within Calipatria township. (*Rogers* v. *Cady*, 104 Cal. 288 [38 Pac. 81, 43 Am. St. Rep. 100]; *Varcoe* v. *Lee*, 180 Cal. 338 [181 Pac. 223]; *Fitzpatrick* v. *Sonoma County*, 97 Cal. App. 588 [276 Pac. 113].) Judicial notice is a form of evidence. (*Gayton* v. *Pacific Fruit Express*, 127 Cal. App. 50 [15 Pac. (2d) 217].)

■ Petitioner contends there is no evidence in the record showing his ability to pay his discharged employees. While there is nothing directly on the question, there is evidence from which may be drawn the inference of ability to pay. This presents a question of fact for the decision of

the justice's court and is not one properly reviewable in this proceeding. It is said in 13 California Jurisprudence, page 218: ''Thus, if the lower court had jurisdiction of the person and the subject-matter, mere error in the proceedings therein may not be inquired into in proceedings on *habeas corpus*, for it is not the purpose of the writ to subserve the functions of an appeal, or to pass upon the weight and sufficiency of the evidence introduced in the lower court, or the credibility of the witnesses who testified therein.''

Respondent has filed in this court an amended statement of facts on appeal, certified to as correct by the justice of the peace of Calipatria township, in which it is stated that evidence was received at the trial that petitioner stated that he was able to pay his employees, and that another witness located the place of employment in Calipatria township. Petitioner strenuously objects to the consideration of this amended statement on appeal. However, we have been able to determine the questions presented to us without reference to the facts set forth in this document. We are not, therefore, called upon to decide whether it is properly before this court.

The writ of *habeas corpus* is discharged, and petitioner is remanded to the custody of the sheriff of Imperial County.

Barnard, P. J., and Jennings, J., concurred.