[Civ. No. 4951.   Third Appellate District.—August 15, 1933.]

HARRY SEARS et al., Petitioners, v. THE SUPERIOR COURT OF CALAVERAS COUNTY, Respondent.

William M. Abbott, K. W. Cannon, Cyril Appel, J. M. Inman, Ivores R. Dains, Philip C. Boardman and Henry A. Plattner for Petitioners.

Virgil M. Airola, District Attorney of Calaveras County, for Respondent.

THOMPSON, J.—The petitioners were convicted in the Justice's Court of Angels Township, Calaveras County, of discharging an employee of their mine without first paying the wages which were due to him, in violation of the provisions of an act of the legislature regulating the payment of wages by private employers. (Stats. 1919, p. 294, and amendments thereto; 2 Deering's Gen. Laws of 1931, p. 2241, Act 4743.) Each defendant was fined, with the alternative penalty of one day of imprisonment for each two dollars thereof in the event the fine was not paid. Upon appeal to the superior court the judgment was affirmed. In this petition for a writ of *certiorari* the jurisdiction of the courts is challenged.

It is contended the justice of the peace who tried the cause was without jurisdiction for the reason that he was not requested by the duly elected justice of that township

to try the case as required by section 105 of the Code of Civil Procedure. It is asserted the complaint in the criminal proceeding fails to state a cause of action; that the ability of the defendants to pay the wages demanded was neither alleged nor proved; that the judgment is not supported by the evidence and that the statute regulating the payment of wages is unconstitutional in that it violates article I, section 15, of the Constitution, which prohibits the imprisonment of a person for debt.

The writ of *certiorari* does not lie in the present case. It has been definitely determined by the California authorities that when a justice's court has jurisdiction of the subject matter and the person involved in the litigation, neither the Supreme Court nor the District Court of Appeal may review its proceedings upon *certiorari* for the reason that the remedy for error of law or facts on the part of the inferior court is afforded by an appeal to the superior court. (Sec. 1068, Code Civ. Proc.; 4 Cal. Jur. 1054, secs. 25, 26; *Roberts* v. *Police Court,* 185 Cal. 65 [195 Pac. 1053, 1054]; *Hood* v. *Melrose,* 24 Cal. App. 355, 360 [141 Pac. 396]; *People* v. *Superior Court,* 84 Cal. App. 201, 205 [257 Pac. 922].) This is true regardless of whether the petitioner avails himself of his right to appeal to the superior court or not. Where the right of appeal exists the writ of *certiorari* will not lie. In both the Roberts and the Hood cases, *supra,* the writs of *certiorari* were denied, notwithstanding the fact that judgments of the inferior court had been affirmed on appeal to the superior court from which last-mentioned court there was no appeal. In the case of *Roberts* v. *Police Court, supra,* the court says:

"It is thoroughly settled that the judgment of a police court or justice's court will not be reviewed on *certiorari,* after appeal taken therefrom and determination of such appeal in the superior court."

It may be true that when a complaint which is filed in a justice's court fails to allege facts constituting an offense *of which it has jurisdiction,* or when facts are alleged which constitute an offense of which it clearly has no jurisdiction, such as a charge of felony, the judgment of conviction may be annulled on *certiorari.* (*Denninger* v. *Recorder's Court,* 145 Cal. 629, 638 [79 Pac. 360].) The reason for this is that, under such circumstances, the inferior court absolutely

has no jurisdiction of the subject matter sought to be charged.

In the present case it is contended the justice's court is without jurisdiction for the reason that the complaint fails to state facts sufficient to constitute a public offense, and because the statute attempting to regulate the payment of workmen's wages is unconstitutional and void.

Section 6 of the act regulating the payment of workers' wages provides:

"Any person, firm, association, or corporation, or agent, manager, superintendent, or officer thereof, who having the ability to pay, shall wilfully refuse to pay the wages due and payable when demanded, as herein provided, or falsely deny the amount or validity thereof, or that the same is due, with intent to secure for himself, his employer or other person, any discount upon such indebtedness, or with intent to annoy, harass or oppress, or hinder, or delay, or defraud the person to whom such indebtedness is due, shall, in addition to any other penalty imposed upon him by this act, be guilty of a misdemeanor."

It has been held this statute is not unconstitutional or in violation of the provisions of article I, section 15, of the Constitution. (*In re Oswald*, 76 Cal. App. 347 [244 Pac. 940]; *In re Samaha*, 130 Cal. App. 116 [19 Pac. (2d) 839].)

While article I, section 15, of the Constitution does prohibit the imprisonment of one for debt in any civil action, it specifically excepts from that inhibition debts which are tainted with fraud. That section provides:

"No person shall be imprisoned for debt in any civil action, on mesne or final process, *unless in cases of fraud,* nor in civil actions for torts, except in cases of wilful injury to person or property; and no person shall be imprisoned for a militia fine in time of peace."

Assuming that the statute which regulates the payment of workmen's wages is constitutional, the complaint under which the defendants were convicted, in the absence of a demurrer thereto, appears to sufficiently state a public offense. Conceding that the first count fails to state a public offense, the second count of the complaint charges a violation of the statute with specific reference thereto, alleging that the defendants, on September 1, 1932, while acting as officers of the Calaveras Central Gold Mining Com-

pany, of which O. H. Lague was an employee, "did then and there discharge said employee from the service of said corporation and did then and there with intent to annoy, harass, oppress, hinder, delay and defraud the said employee, wilfully and unlawfully refuse to pay the said employee the wages then and there due to said employee, who then and there demanded payment of the said wages, the defendants then and there having the ability to pay the same, all in violation of the provisions of sections 1 to 6 of the said law."

The justice's court certainly had jurisdiction of the persons of the defendants and of the misdemeanors in violation of section 6 of the act above quoted, consisting of wilfully refusing to pay the wages of an employee by the officers of a corporation *having the ability so to do,* and the discharge, and refusal to pay the wages of an employee with the wilful intent to harass and defraud him. These acts are declared by the statute to constitute a misdemeanor. The justice's court has jurisdiction to try such misdemeanors. Even though the complaint may be defective, its allegations are sufficient to confer jurisdiction upon the justice's court.

Where a court has jurisdiction of the cause the mere insufficiency of the evidence to support the judgment may not be considered on a writ of *certiorari.* In 4 California Jurisprudence, page 1036, section 14, it is said:

"Where a court has jurisdiction of the parties and of the subject-matter of the action, such jurisdiction carries with it necessarily the authority . . . to decide the questions submitted to it, incorrectly as well as correctly. Accordingly, error in exercise of its jurisdiction, however gross, cannot be annulled on *certiorari;* and the writ cannot be used as a mere writ of error for the correction of mistakes, either of law or fact, committed by the inferior tribunal within the limits of its jurisdiction."

Since the justice's court had jurisdiction of the misdemeanors defined by the provisions of the statute regulating the payment of workmen's wages, and an appeal from the judgment of that court was prosecuted to the superior court as provided by law, the writ of *certiorari* does not lie.

The justice who tried the criminal case was duly requested in writing by the incumbent of that court to try the cause as required by section 105 of the Code of Civil

Procedure and the visiting justice had jurisdiction thereof. R. E. Walsh was the duly elected justice of Angels Township. In a letter to Justice Shepherd of an adjoining township, dated September 28, 1932, Justice Walsh said: "In the case of *People* v. *Sears and Warwick*, . . . I hereby respectfully request that you attend my court at Angels and sit on the trial of this case for me in my place and stead. . . . " This letter was read into the record at the outset of the trial. Under date of September 29th, the duly certified docket shows the following entry: "A request [was made] by Justice of Peace R. E. Walsh, that J. M. Shepherd, Justice of Peace of Murphys Township, on account of illness, act for him and in his stead in the trial of this action at Angels Camp, California, *on this date Sept. 29, 1932.*" By consent of counsel for the defendants the case was continued to October 21st, at which time it was tried by Justice Shepherd, sitting without a jury. It is contended the docket entry shows that Shepherd was requested to try the cause on September 29th only, and that he was without jurisdiction to try it on any other date. This construction of the record is without merit. The written request is adequate to confer jurisdiction on Shepherd to try the case at Angels Township on September 29th, or at any subsequent date to which it was regularly continued. The docket entry is merely *prima facie* evidence of the authority to try the case. It is not conclusive regarding the authorized date of trial. The written request which was read into the record was general in its terms and limited the authority to try the case to no particular date. Section 105 of the Code of Civil Procedure authorizes a justice of the peace to sit and try cases for another justice of the peace in the same county, at his written request. It provides:

"A justice of the peace of any township, or city, or city and county may hold the court of any other justice of the peace of any township, city and county, or city within the same county, at his written request, and while so acting shall be vested with all the powers of the justice for whom he so holds court. In which case the proper entry of the proceedings before the attending justice subscribed by him shall be made in the docket of the justice for whom he so holds the court; and the same shall be *prima facie* evidence of such proceedings, and form and become a part of the record of

any, or any part of any and all actions, causes, or proceedings had before such attending justice while so holding the court.''

A visiting justice, having thus acquired jurisdiction by written request to try a cause in another township of his county, may continue the case and retain authority to try it at any subsequent date. Section 922 of the Code of Civil Procedure provides in that regard:

''In case of sickness or other disability or absence of a justice, another justice of the same county . . . who possesses the legal qualifications prescribed for the court of the absent justice, may, at his request, attend in his behalf, and thereupon is vested with the power and may perform all the duties and issue all the papers or process of the absent justice. In case of a trial the proper entry of the proceedings before the attending justice, subscribed by him, must be made in the docket of the justice before whom the summons was returnable. *If the cause is adjourned, the justice before whom the summons was returnable may resume jurisdiction.*''

The writ of *certiorari* which was heretofore issued in this case is dismissed.

Plummer, J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 14, 1933, and an application by petitioners to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 13, 1933.