[Crim. No. 1340.   Third Appellate District.—March 10, 1934.]

In the Matter of the Application of HARRY SEARS for a Writ of Habeas Corpus.

Philip C. Boardman, Wm. M. Abbott, K. W. Cannon, Cyril Appel, Ivores R. Dains and Henry A. Plattner for Petitioner.

Virgil M. Airola, District Attorney, for Respondent.

THOMPSON, J.—The petitioner seeks to obtain his discharge from custody by means of a writ of *habeas corpus* on the ground that the statute under which he was convicted of wilfully and fraudulently failing to pay the wages of an employee upon his discharge, is unconstitutional, and because the complaint fails to state a public offense.

The same matter was previously determined adversely to the petitioner upon a petition for a writ of *certiorari*. (*Sears v. Superior Court*, 133 Cal. App. 704 [24 Pac. (2d) 842].) The facts are more fully related in our opinion which was filed in that proceeding. The petitioner and William H. Warwick were jointly charged in a complaint which was filed in the Justice's Court of Angels Township, Calaveras County, with violating the provisions of the act regulating the payment of wages by private employers. (Stats. 1919, p. 294, and amendments thereto; 2 Deering's Gen. Laws of 1931, p. 2241, Act 4743.) The complaint contained two counts. The first count charges that while the defendants were acting as officers of the Calaveras Gold Mining Company they did "employ two or more workers in and about the mining operations . . . without maintaining pay days, . . . and without paying said workers in full for their services semi-monthly as required by sections 2 and 4 of the said law". The second count charges that while the de-

fendants were acting as such officers of the Calaveras Central Gold Mining Company, "and being then and there the employers of O. H. Lague, did then and there discharge said employee *from the service of said corporation,* and did then and there, *with intent* to annoy, harass, oppress, hinder, delay and *defraud* the said employee, wilfully and unlawfully refuse to pay the said employee the wages then and there due the said employee . . . having the ability to pay the same, all in violation of the provisions of Sections 1 and 6 of the said law". The defendants were convicted and fined separately under each of the counts of the complaint with the alternative penalty of one day of imprisonment for each two dollars of said fine, in the event of nonpayment thereof. On appeal to the superior court the judgment was affirmed. After an unsuccessful effort to annul the judgment upon a petition for a writ of *certiorari,* this petition for a writ of *habeas corpus* was filed.

The petitioner contends that the justice's court was without jurisdiction to try the cause or pronounce judgment for the reason that neither count of the complaint states a public offense, and because the act is unconstitutional since it violates the provisions of article I, section 15, of the Constitution of California, which provides: "No person shall be imprisoned for debt in any civil action, on mesne or final process, unless in cases of fraud, nor in civil actions for torts, except in cases of wilful injury to person or property; and no person shall be imprisoned for a militia fine in time of peace."

Conceding that the first count of the complaint fails to state a public offense, the petitioner is still not entitled to be discharged from custody for the reason that we have previously held that the second count does sufficiently state a public offense of which the justice's court had jurisdiction and that the Workmen's Wages Act in question is not unconstitutional. (*Sears* v. *Superior Court, supra.*) A petition for a hearing of the *certiorari* case in the Supreme Court, after a decision had been rendered in this District Court of Appeal, was denied. The scope of inquiry upon this petition for a writ of *habeas corpus* is exactly the same as it was in the *certiorari* proceeding. The previous decision in the *certiorari* proceeding is therefore determinative of all of the issues which are involved in this petition for a writ of

*habeas corpus.* (*In re Drew*, 188 Cal. 717 [207 Pac. 249, 250].) It is there said: "The scope of inquiry upon a writ of review extends only to the question of the jurisdiction of the court which rendered the judgment sought to be reviewed. The scope of inquiry on *habeas corpus* is precisely the same. It cannot go beyond the question of jurisdiction. The decision of the district court in that case was therefore an adjudication by that court, and also by this court on petition for rehearing, of the precise matter upon which the petitioner here claims that the contempt judgment is void. Even if we were of the opinion that the decision in that case was erroneous it would now be conclusive."

We are still of the opinion the second count of the complaint states sufficient facts to constitute a public offense against the petitioner contrary to the provisions of section 6 of the Workmen's Wages Act, *supra*, for the reasons stated in the *certiorari* proceeding above cited, and that the portion of the statute under which the petitioner was convicted is constitutional.

The writ of *habeas corpus* is denied and the prisoner is remanded.

Pullen, P. J., and Plummer, J., concurred.