[L. A. No. 18151. In Bank. May 1, 1942.]

FRANK PORTNOY et al., Petitioners, v. THE SUPERIOR COURT OF THE COUNTY OF RIVERSIDE et al., Respondents.

Clifford Thoms for Petitioners.

Earl Redwine, County Counsel, for Respondents.

GIBSON, C. J.—Petitioners seek this writ of certiorari to review judgments of conviction entered against them in a proceeding in the Justice's Court of the Township of Riverside. The judgments of conviction were affirmed by the Superior Court of Riverside County and petitioners sought a writ of review in the District Court of Appeal, Fourth District, directed to both the justice's court and to the superior court. After the writ was discharged in the District Court of Appeal, a hearing was granted in this court. Petitioners were convicted of violating the provisions of ordinance No. 248 of the county of Riverside making it unlawful to conduct gambling games. In this proceeding it is contended that both the justice's court and the superior court acted in excess of their jurisdiction because the statute under which petitioners

were convicted is unconstitutional and in conflict with the state laws.

■ The Justice's Court of Riverside Township is not a proper party in the present proceeding. If any excess of jurisdiction on the part of that court was committed, the remedy of appeal was a sufficient method for correcting it. Since an appeal to the superior court may be taken from a judgment of conviction in a justice's court, the writ of certiorari may not be used as a means of challenging the judgment of the lower court. (*Redlands High School District* v. *Superior Court, ante,* p. 348 [125 P. (2d) 490] (this day decided); *Olcese* v. *Justice's Court,* 156 Cal. 82 [103 Pac. 317]; *Roberts* v. *Police Court,* 185 Cal. 65 [195 Pac. 1053]; *Sears* v. *Superior Court,* 133 Cal. App. 704 [24 P. (2d) 842].) ■ Since no further appeal lies from the judgment of the superior court, however, the writ of certiorari is available as a means of challenging the jurisdiction of that court. (*Redlands High School Dist.* v. *Superior Court, supra; Olcese* v. *Justice's Court, supra; Sherer* v. *Superior Court,* 94 Cal. 354 [29 Pac. 716].)

■ Petitioner's contention that the Superior Court of Riverside County exceeded its jurisdiction in affirming the judgments of conviction in the present case is based primarily upon the theory that the ordinance under which they were convicted is unconstitutional because it invades a field fully occupied by state legislation. This question, which was discussed in some detail in our opinion in *Pipoly* v. *Benson, ante,* p. 366 [125 P. (2d) 482] (this day decided), need not be determined in the present case since it is our conclusion that despite the contention that the ordinance is unconstitutional, no excess of jurisdiction on the part of the superior court exists under the facts of this case. In *Redlands High School Dist.* v. *Superior Court, supra,* it was stated that the jurisdiction of the superior court upon an appeal from a proceeding in a justice's court was the same as that of any appellate court unless the superior court sought to conduct a new trial of the action on appeal. Since the superior court in the present case did not conduct a new trial of the action but merely affirmed the judgments of conviction, it follows that the appellate jurisdiction of the superior court was the same as that of any appellate court. (*Culver* v. *Superior Court,* 185 Cal. 144 [195 Pac. 1055]; *Roberts* v. *Superior Court, supra.*) Regardless of whether the trial court had jurisdiction, therefore, it was within the jurisdiction of the superior court to affirm the judg-

ments of conviction upon appeal. (*Culver* v. *Superior Court, supra; Redlands High School Dist.* v. *Superior Court, supra;* 2 Cal. Jur. 127.) ■ Furthermore, as we had occasion to point out in a recent opinion, even a trial court is not deprived of jurisdiction to determine the constitutionality of a particular ordinance or statute by virtue of the fact that it may decide the question erroneously. (See *In re Bell,* 19 Cal. (2d) 488 [122 P. (2d) 22], and authorities cited therein.) In the present case both the justice's court and the superior court on appeal have held that the ordinance is constitutional, and it cannot be said that in so holding they have exceeded their jurisdiction.

■ The fact that certiorari will not lie as a means of bringing the constitutionality of the ordinance before the higher courts in this case does not deprive persons whose rights have been prejudiced by the action of inferior tribunals under unconstitutional statutes of all recourse to the higher courts. One imprisoned under a judgment of conviction based upon an unconstitutional ordinance may secure relief by habeas corpus, not on the theory that the lower courts have exceeded their jurisdiction, but on the ground that habeas corpus will lie to test the issue of constitutionality whether or not a jurisdictional question is involved. (*In re Bell, supra;* 39 L. R. A. 454; 32 A. L. R. 1054.) Similarly, if a question involving the Constitution of the United States is presented, the case may be appealed to the United States Supreme Court, as was done in *Edwards* v. *People,* 314 U. S. 160, [62 S. Ct. 164, 86 L. Ed. ——], where that court reversed the decision of a California superior court affirming the judgment of a, justice's court. In that case the Supreme Court of the United States noted that no appeal to a higher state court was open. A like result was reached in *Carlson* v. *California,* 310 U. S. 106 [60 S. Ct. 746, 84 L. Ed. 1104]. The validity of such an ordinance may also be challenged in an action for declaratory relief. (*La Franchi* v. *City of Santa Rosa,* 8 Cal. (2d) 331 [65 P. (2d) 1301, 110 A. L. R. 639].)

In view of our conclusion herein, it is unnecessary to discuss the other points urged upon this petition. The judgment of the superior court is affirmed.

Shenk, J., Curtis, J., Edmonds, J., and Traynor, J., concurred.

CARTER, J., Dissenting.—I dissent. In my opinion, the ordinance under which petitioners were convicted is unconsti-

tutional and the judgments of conviction against petitioners are therefore void. For the reasons stated in my concurring opinion in the case of *Redlands High School District* v. *Superior Court, supra,* this day filed, a writ of certiorari should issue annulling said judgments.