[Crim. No. 2443.  First Dist., Div. Two.  Mar. 12, 1947.]

In re WALTER TROMBLEY, on Habeas Corpus.

Cornish & Cornish for Petitioner.

Samuel S. Berman, Harold J. Fisher and Leon E. Gold as Amicus Curiae, on behalf of Respondent.

GOODELL, J.—This is a proceeding in habeas corpus.

A complaint was filed in the Justices' Court of Township Fifteen, Contra Costa County, accusing the petitioner in five counts of five violations of the Labor Code.  Four counts

charged failure to pay wages to four employees (Lab. Code, §§ 202, 216) and the other charged a failure to maintain semimonthly pay days (§ 204), and a failure to post notices thereof (§ 207).

Petitioner pleaded not guilty and was tried by jury. He was convicted on four counts (one having been dismissed by the district attorney) and sentenced. On appeal the superior court affirmed the judgment and the order denying a new trial. Petitioner then commenced this proceeding.

It is hardly necessary to say that the scope of the inquiry in a proceeding such as this, after the judgment of conviction has become final on appeal, is extremely limited. ■ The petitioner, however, attacks the constitutionality of the statute under which he was convicted, and habeas corpus is available for such attack after final judgment. (*In re Bell*, 19 Cal.2d 488, 495 [122 P.2d 22].)

The attack is based on section 15 of article I of the state Constitution which reads: "No person shall be imprisoned for debt in any civil action, on mesne or final process, unless in cases of fraud, . . ."

The original labor law (Stats. 1911, pp. 1268-9) was under attack in *In re Crane,* 26 Cal.App. 22 [145 P. 733], where it was held that the arrest of Crane on mesne process was violative of the constitutional provision. To replace the 1911 law the statute of 1919, page 294 was enacted, section 6 of which read substantially as section 216 of the Labor Code now reads.

The 1919 act was held to be constitutional in *In re Oswald,* 76 Cal.App. 347 [244 P. 940], *In re Samaha,* 130 Cal.App. 116 [19 P.2d 839], *Sears* v. *Superior Court,* 133 Cal.App. 704 [24 P.2d 842] and *In re Sears,* 137 Cal.App. 308 [30 P.2d 571]. See, also, *In re Moffett,* 19 Cal.App.2d 7, 17 [64 P.2d 1190].

By statute of 1937, page 185, the 1919 law was repealed (p. 327) and the present law enacted (pp. 197, 199) and codified in section 202 of the Labor Code which reads:

"If an employee not having a written contract for a definite period quits his employment, his wages shall become due and payable not later than seventy-two hours thereafter, unless the employee has given seventy-two hours previous notice of his intention to quit, in which case the employee is entitled to his wages at the time of quitting."

Section 216 of the same code reads: "In addition to any other penalty imposed by this article, any person, or an agent,

manager, superintendent, or officer thereof is guilty of a misdemeanor, who:

"(a) Having the ability to pay, wilfully refuses to pay wages due and payable when demanded.

"(b) Falsely denies the amount or validity thereof, or that the same is due, with intent to secure for himself, his employer or other person, any discount upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay, or defraud, the person to whom such indebtedness is due."

Petitioner concedes that the 1919 law was held constitutional but contends that he was charged, not with a violation of subdivision (b) of section 216, but of subdivision (a) and that subdivision (a) is subject to the same criticism as was the 1911 law.

This calls for an examination of the complaint.

Each of the four counts for nonpayment of wages reads substantially as follows: That petitioner did, on a stated day, commit a misdemeanor, to wit, a violation of sections 202 and 216, in that "having the ability to pay, and payment of said wages having been demanded, did wilfully and unlawfully fail and refuse to pay . . . the wages due the said employee *with intent to annoy, harass, hinder, oppress, delay, and defraud* the said employee" after such employee had quit, and after his demand for payment. (Emphasis added.)

There is no substantial difference between this allegation and the second count in the Sears case, quoted at 133 Cal.App. 708 and at 137 Cal.App. 310, which allegation was held sufficient in both Sears decisions, *supra.*

Granting that the 1919 act was upheld because imprisonment was therein imposed only for fraud and oppression (see *People* v. *Perry,* 212 Cal. 186, 195 [298 P. 19, 76 A.L.R. 1331]) and not merely for nonpayment of debt, it clearly appears both from the complaint and the statement on appeal that the petitioner in this case was accused, tried and convicted under *both* subdivisions of section 216. The record discloses that the case was tried on the theory that the petitioner falsely denied the *amount* and *validity* of employees' wage claims; that he falsely denied *that the wages were due,* and that he did so with the *intent to defraud.* It is true that there is no statement in the complaint in so many words that petitioner falsely denied the *amount* or *validity* of the claims or *that they were due,* but, as said in *Sears* v. *Superior Court,* 133 Cal.App. 704, 708 [24 P.2d 842], "Even though the complaint may be defective, its allegations are sufficient to confer

jurisdiction upon the justice's court.'' The jury found on these questions adversely to the petitioner, such finding was before the superior court on the appeal, and it cannot, of course, be inquired into on habeas corpus. (See *In re Lindley,* 29 Cal.2d 709, 722 [177 P.2d 918], and cases there cited.)

■ As there is no substantial difference between the language of the 1919 law and the present act, it follows that the present law must be held to be constitutional on the authority of the four cases cited above which held the 1919 law valid.

The petitioner's second point touching jurisdiction is that the justice who tried the case lacked jurisdiction to pronounce the second sentence, after affirmance.

Judge Masterson of Township Fifteen disqualified himself and called in Judge Davis of Township Ten (Code Civ. Proc., § 105) who presided at the trial and pronounced the sentence. After affirmance Judge Davis again sentenced the petitioner in the same terms as those of the original sentence. However, in the interval between the first sentence and the second, the court of Township Fifteen had been increased in rank from a class B to a class A Justices' Court. The petitioner contends that after the change from B to A status, the justice of the class B court (in which Judge Davis remained throughout) had no jurisdiction to preside or pronounce sentence in a class A court. This may be conceded (although he might well have had jurisdiction to complete the case which he had tried, see *People* v. *Dorius,* 49 Cal.App.2d 259 [121 P.2d 508]), still it was not necessary to resentence the petitioner after the affirmance. Judge Davis had the judicial power at the time of the trial to conduct such trial and to pronounce the first sentence (*People* v. *Sansome,* 98 Cal.235, 240 [33 P. 202]; *People* v. *Sehorn,* 116 Cal. 503, 506 [48 P. 495]; *Sears* v. *Superior Court,* 133 Cal.App. 704, 710 [24 P.2d 842]), and such sentence sufficed. ■ The second sentence, after the affirmance, was a superfluous ceremony which could not, and did not, vitiate the sentence pronounced immediately following the judgment of conviction, the terms of which were in no way modified on appeal.

■ The petitioner's third point is that the sentence was in excess of jurisdiction. The sentence imposed on each of the three counts on the wages was a fine of $100 *and* imprisonment for 30 days in the county jail, the terms to run consecutively. However, attached to each sentence was the pro-

viso that if the petitioner paid within 48 hours to each of the three employees the amounts respectively claimed to be due, $455 in one case, $474 in another, and $434 in the third, the sentences would be suspended. The jurisdiction of the court in civil actions did not go above $300 and it is claimed that "By threat of imprisonment for 30 days the Justice of the Peace attempted to determine civil liability in excess of his civil jurisdiction without a proper trial to determine that liability and to enforce payment of a total sum beyond his power to impose a fine," for which reasons it is argued the petitioner was imprisoned for a civil debt. The court in imposing this sentence by providing terms of suspension (the equivalent of probation) gave the option to the defendant to avoid both fine and imprisonment by paying the employees what they claimed. It was not an attempted adjudication of a civil liability at all. The petitioner could accept or reject the alternative offered him (*People* v. *Billingsley,* 59 Cal.App. 2d Supp. 845, 849 [139 P.2d 362] and cases there cited) which would have suspended the penalty and he has chosen up to this time to reject it.

The record contains a statement of "Points to be urged on appeal," and it is only fair to say that the three questions just discussed were not among the five points contained therein, four relating to instructions and the other to proof of the petitioner's ability to pay the wages in question.

The petition presents numerous other points—claimed irregularity in impaneling the jury; failure to give instructions; insufficiency of the evidence; failure to prove petitioner's ability to pay; absence of demand, and various claimed errors in rulings. All these matters were within the court's jurisdiction, were reviewable on the appeal, and they are not within the scope of this proceeding. (13 Cal.Jur., p. 218, § 4; *In re Connor,* 16 Cal.2d 701, 705-6 [108 P.2d 10] and cases there cited; *In re Lindley, supra; In re Samaha, supra.*)

The writ is discharged and the petitioner remanded to custody.

Nourse, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied March 27, 1947.